UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>         Plaintiff,<br>v.<br>SGT. TROMBA, et al.,<br><br>         Defendants. | Case No. 2:17-cv-02396-APG-PAL<br><br>**ORDER**<br><br>(IFP Apps. – ECF Nos. 1, 2, 7;<br>Mots. Add to Compl. – ECF Nos. 5, 6, 11;<br>Mot. to Consolidate – ECF No. 12) |

This matter is before the court on Plaintiff Marlon Lorenzo Brown's Applications to Proceed *In Forma Pauperis* (ECF Nos. 1, 2, 7), Motion to Add Defendants to Complaint (ECF No. 5), Motion to Add Defendants and Statutes to Complaint (ECF No. 6), Motion to Add Causes of Action to Complaint (ECF No. 11), and Motion to Consolidate Cases (ECF No. 12). These applications and motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Plaintiff is a pretrial detainee in the custody of the Clark County Detention Center. He proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Plaintiff commenced this action on September 12, 2017, by filing an Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a proposed complaint (ECF No. 1-1). This case involves Plaintiff's allegations of civil rights violations pursuant to 28 U.S.C. § 1983.

On November 7, 2017, he filed an Amended Complaint (ECF No. 8), and subsequently filed a Supplement (ECF No. 9) to the amended pleading. Since initiating this case, Plaintiff has filed multiple motions asking the court to add defendants, statutes, and causes of action to his complaint. Mots (ECF Nos. 5, 6, 11). He has also asked the court to consolidate this case with another case he filed in this district on January 30, 2018. Mot. to Consolidate (ECF No. 12) (seeking consolidation with *Brown v. Lombardo, et al.*, 2:18-cv-00165-KJD-NJK).

1

## I. PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. However, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. Plaintiff initially requested permission to proceed IFP pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Apps (ECF Nos. 1, 2, 7). But he subsequently paid the full $400 filing fee on May 9, 2018. *See* Receipt of Payment (ECF No. 10). Accordingly, his request to proceed IFP will be denied as moot.

Although Plaintiff has now paid the filing fee, the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, still requires this court to screen his complaint. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks damages from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A; *see also Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (when a plaintiff is a prisoner "at the time the plaintiff files the complaint," the screening requirement applies). The court must screen the complaint and any amended complaints before allowing the case to move forward, issuing summonses, and requiring a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). In its screening, the court identifies any plausible claims and dismisses any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e; 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff is given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Due to the large number of civil actions pending before the court, the screening process may take several months to complete. It is difficult and time-consuming work for the court to produce a screening order that decides whether a complaint states a claim, and if not, provides

guidance to enable a pro se plaintiff to cure any noted defects and giving an opportunity to file an amended complaint. The court has a large docket, including a large number of prisoner civil rights cases. Criminal cases have priority and, in the absence of a true emergency,[1] all motions filed in civil cases are processed in the order in which they are filed. The court will issue a separate screening order in due course.

## II.   MOTIONS TO ADD DEFENDANTS, STATUTES, AND CAUSES OF ACTION TO COMPLAINT

A party may amend a pleading once "as a matter of course" within 21 days after serving it or within 21 days after service of a motion filed pursuant to Rule 12 of the of the Federal Rules of Civil Procedure,[2] whichever occurs earlier. Fed. R. Civ. P. 15(a)(1). After the time for amendment as a matter of course has expired, plaintiffs may amend a complaint only by obtaining the court's permission or the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because an amended complaint generally supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Here, Plaintiff's motions ask the court to add defendants, statutes, and causes of action to his complaint and amended complaint in a piecemeal fashion. *See* Mots (ECF Nos. 5, 6, 11). For example, one motion seeks to add Sheriff Joe Lombardo and the Clark County Detention Center, while another asks the court to add claims for defamation, slander, and fraud. The court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. As such, the motions are denied.

If Plaintiff wants to make changes to his Amended Complaint (ECF No. 8), he must seek

---

[1] LR 7-4 of the Local Rules of Civil Practice discusses the requirements for submitting emergency motions and notes that such motions "should be rare." *See also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 1137, 1144–45 (D. Nev. 2015).

[2] Any reference to a "Rule" or the "Rules" in this order refers to the Federal Rules of Civil Procedure.

leave of the court to do so and attach a *complete* proposed second amended complaint to his motion. *See* Fed. R. Civ. P. 15; LR 15-1(a). The court cannot determine whether leave to amend is appropriate without having a complete, proposed amended complaint to review. *See* LR 15-1(a); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). If Plaintiff chooses to file a second amended complaint, he must do so by **June 18, 2018**. Otherwise, the court will screen the Amended Complaint (ECF No. 8).

The second amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks. *See* Fed. R. Civ. P. 8(a). The second amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper."). Additionally, exhibits are not a substitute for a proper complaint. Instead, Plaintiff should summarize the information he believes to be relevant as part of the supporting facts for each claim asserted in the amended complaint. This means that Plaintiff should avoid legal jargon and conclusions. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted in the second amended complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

Plaintiff is advised to support each of his claims with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Plaintiff should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant violated and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the second

amended complaint should identify which factual allegations support each particular claim. *Id*. A plaintiff must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

### III. MOTION TO CONSOLIDATE

Rule 42(a) governs the consolidation of separate actions. The rule states that the district court *may*, but is not required to, consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). When deciding whether to consolidate cases, the threshold question for the court to answer is whether the actions involve common questions of law or fact. *See id*. If the court determines that common questions of law or fact are present, it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). However, consolidation under Rule 42(a) is a matter committed to the district court's broad discretion. *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (quoting *Investors Research Co. v. U.S. District Court*, 877 F.2d 777 (9th Cir. 1989)).

Plaintiff also asks the court to consolidate this case with another case he filed in this district on January 30, 2018. Mot. to Consolidate (ECF No. 12) (seeking consolidation with *Brown v. Lombardo, et al.*, 2:18-cv-00165-KJD-NJK). However, Plaintiff's motion does not state how the two actions "involve a common question of law or fact." *See* Fed. R. Civ. P. 42(a). He also fails to provide a memorandum of points and authorities explaining how consolidation will save the court and the parties time and effort and outweigh any inconvenience, delay, confusion, or prejudice that may result. Finally, a motion to consolidate is premature as the court has not yet screened his amended complaint in this case or the original complaint filed in the 2018 case. The motion is denied.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Marlon Lorenzo Brown's Applications to Proceed *In Forma Pauperis* (ECF

5

Nos. 1, 2, 7) are **DENIED as moot**.

2. Plaintiff's Motion to Add Defendants to Complaint (ECF No. 5), Motion to Add Defendants and Statutes to Complaint (ECF No. 6), Motion to Add Causes of Action to Complaint (ECF No. 11), and Motion to Consolidate Cases (ECF No. 12) are **DENIED**.

3. The Clerk of the Court shall MAIL Plaintiff one blank form complaint for § 1983 civil rights actions along with the instructions for completing the form and one copy of the Amended Complaint (ECF No. 8).

4. Plaintiff shall have until file a second amended complaint by **June 18, 2018**.

    a. The second amended complaint must be a complete document in and of itself and will supersede the amended complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

    b. Plaintiff shall clearly title the second amended complaint as such by placing the words "SECOND AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page and write 2:17-cv-02396-APG-PAL in the space for "Case No."

5. If Plaintiff chooses not to file an amended complaint by **June 18, 2018**, the court will screen the Amended Complaint (ECF No. 8) in due course.

Dated this 17th day of May, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE