UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>                              Plaintiff,<br>v.<br>SGT. TROMBA, et al.,<br><br>                              Defendants. | Case No. 2:17-cv-02396-APG-PAL<br><br>**ORDER**<br><br>(Mot. Subst. Def. – ECF No. 18;<br>Mot. Serve Non-Gov't Defs. – ECF No. 20) |

This matter is before the court on pro se Plaintiff Marlon Lorenzo Brown's Motion to Substitute Defendant John Doe (ECF No. 18) and Motion to Serve Non-Government Defendants, or in the Alternative, for Screening Order (ECF No. 20). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Brown has submitted a Motion to Substitute Defendant John Doe (ECF No. 18) asking to substitute "Officer Coon" for "Defendant John Doe" in his Second Amended Complaint (ECF No. 14). Having read and considered the matter, the motion is granted. The court will substitute Officer Coon for the Doe Defendant in its screening.

Mr. Brown also filed a Motion to Serve Non-Government Defendants, or in the Alternative, for Screening Order (ECF No. 20). He asks the court for permission to serve all non-government entities because he fears he will lose their contact information to effectuate service. However, he would prefer the court issue a screening order to ensure the accuracy of his claims.

The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its screening, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison

1

Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). Unless and until the court determines a complaint states a plausible claim for relief, the court will not direct the Clerk of Court to issue summonses to the defendant(s). If the complaint states an actionable claim and summons(es) are issued, the court will order the U.S. Marshal to serve a prisoner's complaint. *See* Fed. R. Civ. P. 4(c)(3). However, if a complaint fails to state a plausible claim, the court will dismiss the complaint and the plaintiff is ordinarily given leave to amend with guidance on how to cure the deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Based on the plain language of the statutes, no formal motion is necessary to prompt screening or issuance of summonses. The court denies Brown's request to serve the non-government defendants because the court has yet to determine that he states a plausible claim. Due to the large number of civil actions pending before the court, the screening process may take several months to complete. It is difficult and time-consuming work for the court to produce a screening order that decides whether the complaint states a claim. The court has a large docket, including a large number of prisoner civil rights cases. Criminal cases have priority and, in the absence of a true emergency,[1] all motions filed in civil cases are processed in the order in which they are filed. Thus, filing a motion for service or a screening order does not expedite the process. All prisoners' complaints are screened in due course, without regard to payment of a filing fee.

The court will screen the Second Amended Complaint in a separate Report of Findings and Recommendation entered today.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Marlon Lorenzo Brown's Motion to Substitute Defendant John Doe (ECF No. 18) is **GRANTED**.

/ / /

---

[1] LR 7-4 of the Local Rules of Civil Practice discusses the requirements for submitting emergency motions and notes that such motions "should be rare." *See also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 1137, 1144–45 (D. Nev. 2015).

2. Plaintiff Marlon Lorenzo Brown's Motion to Serve Non-Government Defendants, or in the Alternative, for Screening Order (ECF No. 20) is **DENIED**.

Dated this 7th day of February 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE