UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MARLON LORENZO BROWN,<br><br>                              Plaintiff,<br>     v.<br>SGT. TROMBA, et al.,<br><br>                             Defendants. | Case No. 2:17-cv-02396-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |
|---|---|

       This matter is before the court for a screening of Plaintiff Marlon Lorenzo Brown's Second Amended Complaint (ECF No. 14). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

### **BACKGROUND**

       Mr. Brown is a pro se prisoner in the custody of the Nevada Department of Corrections at High Desert State Prison. This case involves his allegations, pursuant to 42 U.S.C. § 1983, of civil rights violations prior to arrest and while he was incarcerated at the Clark County Detention Center. Brown commenced this action in September 2017 by filing an Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a proposed complaint (ECF No. 1-1). He later paid the full $400 filing fee. *See* Receipt of Payment (ECF No. 10). Thus, the court denied his application as moot. Order (ECF No. 13).

       Mr. Brown also filed an Amended Complaint (ECF No. 8), Supplement (ECF No. 9). In addition, he filed multiple motions (ECF Nos. 5, 6, 11) asking the court to add defendants, statutes, and causes of action to his complaint. The court informed Mr. Brown it could not determine whether leave to amend was appropriate without having a complete, proposed amended complaint to review and ordered him to file an amendment within 30 days. Order (ECF No. 13) at 4. Mr. Brown timely filed his Second Amended Complaint (ECF No. 14).

In a separate order entered today, the court granted Brown's motion to substitute "Officer Coon" of the Las Vegas Metropolitan Police Department in place of "Defendant John Doe." *See* ECF No. 18. Accordingly, the court will substitute Officer Coon for the Doe Defendant in the following screening of the Second Amended Complaint.

## DISCUSSION

The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its screening, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**I.   MR. BROWN'S FACTUAL ALLEGATIONS AND CLAIMS FOR RELIEF**

The Second Amended Complaint (ECF No. 14) names as defendants (1) Sgt. Tromba, (2) Sheriff Joe Lombardo, (3) Officer Faller, (4) Officer Coon,[1] (5) Las Vegas Metropolitan Police Department ("LVMPD"), (6) Clark County, (7) City of Las Vegas, (8) Michael Slyman, (9) Easy Bail, LLC, (10) American Surety Company, (11) Gary Modafferi, and (12) Damian Sheets. Mr. Brown asserts pursuant to 42 U.S.C. § 1983, that defendants' misconduct violated his civil rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. He alleges 12 counts and seeks compensatory and punitive damages. 2nd. Am. Compl. at 22.

In Count I, Mr. Brown alleges that Officers Faller and Coon as well as LVMPD, Clark County, and City of Las Vegas violated his Fourth Amendment right to be free from illegal search and seizure. On April 1, 2016, Brown claims he was on pretrial bail with house arrest as a

---

[1] Substituted in place of Officer John Doe.

2

condition. He went to the house arrest office but the office was closed and he was told to return the following day. Officers Faller and Coon stopped Brown as he was leaving and "said they smelled alcohol." *Id.* at 7. Brown was then "violated and remanded into custody." *Id.* Brown alleges this was a false arrest. Once in custody, Brown was told he had to go to "administrative segregation (The Hole)" because that was the "policy" for house arrest rule violators. He was placed in administrative segregation for 10 days and, once he was returned to general population, he was restricted from commissary for two weeks.

In Count II, Mr. Brown alleges that Officers Faller and Coon as well as LVMPD, Clark County, and City of Las Vegas violated his Eighth Amendment right to be free from punishment prior to conviction. These defendants allegedly punished him as a pretrial detainee in April 2016 by applying the "custom" or "policy" of sending house arrest rule violators to administrative segregation. He claims his arrest for an "alcohol violation had nothing to do with the security of the facility." *Id.* at 8.

In Count III, Mr. Brown alleges that Officers Faller and Coon, Sheriff Lombardo, as well as LVMPD, Clark County, and City of Las Vegas violated his due process rights under the Fourteenth Amendment. These defendants purportedly infringed Brown's rights by "not having a due process hearing before my April 1, 2016 arrest and following detention and punishing me for a house arrest rule violation of consuming alcohol." *Id.* at 9.

In Count IV, Mr. Brown alleges that Officers Faller and Coon, Sheriff Lombardo, as well as LVMPD, Clark County, and City of Las Vegas violated his equal protection rights under the Fourteenth Amendment. *Id.* at 10. These defendants purportedly infringed Brown's equal protection rights by not treating him "the same as similarly situated inmates, being, remanded pretrial detainee's" [*sic*], because he was placed in the hole and restricted from commissary after he was remanded into custody on April 1, 2016. *Id.* In addition, Brown states that he is suing the defendants in this count for intentional infliction of emotional distress, negligent infliction of emotional distress, deprivation of familial association, and excess force resulting from the April 1 to June 3, 2016 arrest and detention.

In Count V, Mr. Brown alleges that Clark County and City of Las Vegas violated his Eighth

1 Amendment right to be free from excessive bail. *Id.* at 11.  These defendants are sued for the May 10, 2016 increase in his bail from $60,000 to $350,000 without good cause.  Brown alleges he had not missed any court dates or endangered the community since posting the $60,000 bail on September 8, 2014.  Brown alleges that $350,000 is an excessive amount of bail.

In Count VI, Brown alleges that Sgt. Tromba, LVMPD, Michael Slyman, Easy Bail, LLC, and American Surety Company violated his Fourth Amendment right to be free from illegal search and seizure. *Id.* at 12.  These defendants purportedly conspired to falsely arrest and imprison Brown.  They arrested Brown at his house on October 3, 2016, without probable cause or a warrant, and performed a "paper surrender" the following day at the Clark County Detention Center.

In Count VII, Mr. Brown alleges that Sgt. Tromba, Sheriff Lombardo, as well as LVMPD, Clark County, and City of Las Vegas violated his Fourteenth Amendment due process rights by not holding a probable cause or preliminary hearing after his October 3, 2016 arrest. *Id.* at 13.

In Count VIII, Mr. Brown alleges that Clark County and City of Las Vegas violated his Fifth Amendment right to bail by holding him in custody without bail from June 6 to December 9, 2017, without good cause, despite Brown still having a valid bond. *Id.* at 14.

In Count IX, Mr. Brown alleges that Clark County and City of Las Vegas violated his Eighth Amendment right to be free from excessive bail. *Id.* at 15.  During a December 9, 2017 hearing, Brown alleges his bail was set at $1 million dollars, which was an increase from the already excessive amount of $350,000 and his original bail of $60,000.  He claims the increase occurred while he was in custody with no cause or notice.

In Count X, Mr. Brown alleges that Clark County and City of Las Vegas violated his due process rights under the Fourteenth Amendment by exonerating or "revoking" his bond on July 20, 2017, nunc pro tunc,[2] to October 3, 2016, without notice or opportunity to be heard. *Id.* at 16.

In Count XI, Mr. Brown alleges that Sgt. Tromba, LVMPD, Michael Slyman, Easy Bail, LLC, and American Surety Company violated his equal protection rights under the Fourteenth Amendment. *Id.* at 17.  These defendants purportedly conspired to arrest Brown without probable

---

[2] The Latin phrase "*nunc pro tunc*" means *now for then*.  The purpose of a nunc pro tunc order is to correct clerical errors and achieve the results the court intended at the earlier time. *See Singh v. Mukasey*, 533 F.3d 1103, 1110 (9th Cir. 2008).

cause or a warrant. In addition, Brown states that he is suing the defendants in this count for intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and deprivation of familial relations.

In Count XII, Mr. Brown alleges that Damian Sheets and Gary Modafferi, his defense attorneys in the state criminal case, violated his Sixth Amendment right to counsel. *Id.* at 18. Brown claims he retained Damian Sheets as his defense counsel in September 2014 but he failed to be effective because Mr. Sheets did not take the appropriate legal actions to prevent or cure the constitutional violations Brown now alleges. Brown retained Gary Modafferi as his new defense counsel in December 2016. But Mr. Modafferi also failed to take the appropriate legal actions to cure the alleged violations. Mr. Brown asked both attorneys to go to the Supreme Court with the violations but both refused. Brown sues Messrs. Sheets and Modafferi for failing to stop the alleged violations and for legal malpractice.

Mr. Brown also alleges "Additional Violations" that are not contained in any numbered count. *Id.* at 19. He sues Michael Slyman, Easy Bail, LLC, and American Surety Company for defamation and slander. He alleges these defendants made false and damaging statements to LVMPD and the prosecutor in October and November 2016 by saying Brown "beat" a co-signer on his bond but the person was afraid to report the assault. In addition, Brown sues these defendants for fraud. He alleges they forged his signature on a collateral receipt and vehicle titles.

## II.   MR. BROWN'S PETITIONS FOR HABEAS CORPUS RELIEF

Brown has filed three petitions for habeas corpus relief in the District of Nevada alleging the same or nearly identical facts.[3] *See Brown v. Eighth Judicial District Court*, 2:17-cv-02644-MMD-GWF (dismissed for failure to pay the filing fee or file an application to proceed *in forma pauperis*); *Brown v. Eighth Judicial District Court*, 2:17-cv-02708-JCM-GWF (dismissed for failure to pay the filing fee or file an application to proceed *in forma pauperis*); *Brown v. Lombardo*, 2:17-cv-02811-GMN-VCF (dismissed for failure to exhaust state court remedies and

---

[3] Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *E.g.*, *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). The court takes judicial notice of Mr. Brown's related proceedings in this district.

pursuant to *Younger* abstention doctrine). In each case, Brown also listed this civil rights action as an "other appeal" or "1983 civil petition" addressing the issues raised in the habeas petitions.[4]

In the most recent habeas action Mr. Brown filed, *Brown v. Lombardo*, 2:17-cv-02811-GMN-VCF, the Honorable Gloria M. Navarro issued an Order to Show Cause (ECF No. 3) stating that the petition appeared to be "wholly unexhausted" and was also "barred under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971)." Judge Navarro noted that Brown sought immediate release from confinement and dismissal of his state criminal case: *State of Nevada v. Marlon Brown*, C-14-301675-1. Online records showed that Brown had a petition for a writ of habeas corpus pending before the Nevada Court of Appeals in Case No. 73615. Judge Navarro thus ordered Brown to show cause why the federal petition should not be dismissed for lack of exhaustion. Even if he could demonstrate full exhaustion in the state courts, Judge Navarro informed Brown that the *Younger* abstention doctrine prevents federal courts from entertaining a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. Brown was therefore ordered to show cause why the petition should not be dismissed without prejudice under the *Younger* abstention doctrine. Mr. Brown did not respond to the Order to Show Cause; therefore, Judge Navarro dismissed the action without prejudice.

### III.   LEGAL STANDARDS

Federal courts are required to dismiss a prisoner's civil action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The standard for determining whether a plaintiff has failed to state a claim under §1915A is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[5] for failure to state a claim. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[4] Mr. Brown also filed a second civil rights action alleging the "same or similar facts" as this case: *Brown v. Lombardo*, 2:18-cv-00165-KJD-NJK (dismissed Aug. 28, 2018). Because he re-alleged the same allegations and claims in the second civil rights action as in this case, the court dismissed the second action as duplicative.

[5] All references to a "Rule" or the "Rules" in this Report of Findings and Recommendation refer to the Federal Rules of Civil Procedure.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). For purposes of a Rule 12(b)(6) review, well-plead factual allegations are accepted as true, but vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007)).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). To avoid dismissal on a Rule 12(b)(6) review, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira*, 873 F.3d at 678 (quoting *Iqbal*, 556 U.S. at 678). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Id*. at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

### IV. ANALYSIS OF THE SECOND AMENDED COMPLAINT

For the reasons discussed below, the court finds that the Second Amended Complaint fails to state a plausible civil rights claim. Because the pleading improperly combines habeas corpus and civil rights allegations, the court recommends dismissal.

#### A. Habeas Claims

Federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See*, *e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). Federal law provides

7

two main avenues to relief on complaints related to incarceration: (1) a petition for habeas corpus, 28 U.S.C. §§ 2241, 2254 , 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Nettles v. Grounds*, 830 F.3d. 922, 927 (9th Cir. 2016) (en banc). 42 U.S.C. § 1983 provides a mechanism for the private enforcement of rights conferred by the United States Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Claims "turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750. However, a prisoner or pretrial detainee in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also Muhammad*, 540 U.S. at 750 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

The Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles*, 830 F.3d. at 927 (citing *Wilkinson*, 544 U.S. at 81–82). A "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82. Thus, despite § 1983's seemingly broad reach and "literal applicability" to each right conferred by the Constitution, certain claims are not actionable under § 1983 when specific habeas statutes plainly apply. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Where a complaint alleges habeas claims instead of § 1983 claims, the court should dismiss the claims without prejudice. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994).

When a pretrial detainee challenges a bail determination, the Supreme Court and the Ninth Circuit have held that a writ of habeas corpus is an appropriate remedy. *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger* abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant

a conditional writ of habeas corpus). Bail is excessive in violation of the Eighth Amendment when it is set at a figure higher than an amount reasonably calculated to ensure the asserted governmental interest.[6] *United States v. Salerno*, 481 U.S. 739, 754 (1987); *Stack*, 342 U.S. at 4–6. Under Nevada law, an accused in custody pending trial may challenge a district court's bail decision by way of petition for a writ of habeas corpus. *Application of Knast*, 96 Nev. 597, 597, 614 P.2d 2, 3 (1980) (citing NRS 34.530); *State v. Teeter*, 65 Nev. 584, 590–91, 200 P.2d 657, 661 (1948) (when a pretrial detainee alleges the trial court wrongfully denied bail, "the usual procedure is … a writ of habeas corpus."), *overruled in part on other grounds by Application of Wheeler*, 81 Nev. 495, 406 P.2d 713 (1965).[7]

Counts I, III, V, VI, VII, VIII, IX, and X of the Second Amended Complaint allege excessive bail, due process violations in relation to Mr. Brown's bond, and illegal seizure and detention under the conditions of his bail and house arrest. Specific habeas corpus statutes and remedies clearly apply to these counts. These allegations fall within the core of habeas corpus because they challenge the fact or duration of Brown's confinement. *See Wilkinson*, 544 U.S. at 78. Dismissal without prejudice is warranted since these are not § 1983 claims.

The allegations in Count XII also fall under habeas relief. Count XII alleges that Mr. Brown's defense counsel was ineffective and failed to take the appropriate legal actions to prevent or cure the violations alleged in the Second Amended Complaint. The Sixth Amendment provides an accused in a criminal prosecution with certain rights, including the assistance of counsel in his defense. U.S. Const. amend. VI. The Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim of ineffective assistance of counsel is not recognized under § 1983 and must instead be brought, at least initially, on direct appeal or in a petition for writ of habeas corpus. *See Nelson*, 541 U.S. at 643.[8]

---

[6] The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[7] *See also Vigil v. State*, 563 P.2d 1344, 1347 (Wyo. 1977) ("Habeas corpus is the appropriate remedy in the ordinary situation to test the excessiveness of bail. The proper procedure to challenge bail is to move for reduction and seek habeas corpus upon denial.") (citing *Teeter*, 65 Nev. at 590–91, 200 P.2d at 661).

[8] In addition, the Supreme Court has recognized that an attorney who represents a criminal defendant does not act under color of state law for § 1983 purposes when he performs as an advocate. *See Georgia v.*

Nevada law provides that a claim for ineffective assistance of counsel must be raised on direct appeal of a conviction. *See* NRS 34.810(1)(b). If such claim is not raised on direct appeal, it may be summarily dismissed when later raised in a habeas petition unless the petitioner can show that a statutory exception applies. *Id.*; *Bejarano v. State*, 122 Nev. 1066, 1072, 146 P.3d 265, 269 (2006) (noting that NRS 34.810(1)(b) requires dismissal of a post-conviction habeas petition "where the defendant's conviction was the result of a trial and his claims could have been raised either before the trial court, on direct appeal, in a previous petition, or in any other proceeding"); NRS 34.726(1) (stating that a post-conviction habeas petition challenging the validity of a judgment of conviction must be filed within one year after the Nevada Supreme court issues a remittitur from a timely direct appeal); NRS 34.810(2) (stating that a second or successive petition must be dismissed if the defendant fails to allege new or different grounds and the prior petition was decided on its merits or if the defendant's failure to assert those grounds in the prior petition constituted an "abuse of the writ").

In light of Nevada's available and adequate habeas remedies, Supreme Court precedent clearly provides that § 1983 is not the correct procedural mechanism for Mr. Brown's claims. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).[9] Accordingly, the court recommends dismissal of Counts I, III, V, VI, VII, VIII, IX, X, and XII without prejudice.

**B.  § 1983 Claims**

Only three counts in the Second Amended Complaint could potentially state § 1983 claims: Counts II, IV, and XI. Although dismissal without prejudice is recommended based on the improper combination of habeas corpus and civil rights allegations, the court will briefly explain why these counts fail to state actionable § 1983 claims as alleged.

To state a claim under § 1983, a plaintiff must allege: (1) his or her his civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). The complaint must identify what constitutional or other federal right each defendant

---

*McCollum*, 505 U.S. 42, 53 (1992); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320–25 (1981).

[9] As Judge Navarro's Order to Show Cause explained, the *Younger* abstention doctrine also prevents this court's review of Brown's unexhausted habeas claims, absent special circumstances.

10

1  violated, providing sufficient facts to plausibly support each purported violation. *See Jones v.*
2  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The "threshold inquiry in a § 1983 suit" requires
3  courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S. Ct.
4  911, 920 (2017) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). "After pinpointing that
5  right, courts still must determine the elements of, and rules associated with, an action seeking
6  damages for its violation." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 257–58 (1978)).

       1. <u>Count II</u>

In Count II, Brown alleges that Officers Faller and Coon as well as LVMPD, Clark County, and City of Las Vegas violated his Eighth Amendment right to be free from punishment prior to conviction by subjecting him to administrative segregation.

Prior to conviction, a pretrial detainee is protected by the Fourteenth Amendment's Due Process Clause "against jail conditions or restrictions that 'amount to punishment'." *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)).[10] However, there is no constitutional infringement if restrictions are "but an incident of some other legitimate government purpose." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (quoting *Bell*, 441 U.S. at 535). Under those circumstances, "governmental restrictions are permissible." *Id.* (citing *United States v. Salerno*, 481 U.S. 739, 747 (1987)).

Segregation in a correctional facility does not in and of itself constitute a deprivation of a constitutionally protected liberty interest. *Hernandez v. Cox*, 989 F. Supp. 2d 1062, 1068 (D. Nev. 2013) (citing *Sandin v. Connor*, 515 U.S. 472 (1995)). The level of procedural protections varies depending on whether the alleged restriction is punitive. *Bell*, 441 U.S. at 537–38. Jail officials are prohibited from "punishing" a pretrial detainee without a due process hearing to determine whether he has in fact violated any rule. *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996). However, a lesser quantum of process is due when a restriction is non-disciplinary. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *abrogated in part on other grounds by Sandin*, 515 U.S. 472.[11]

---

[10] Although the Fourteenth Amendment applies to pretrial detainees, rather than the Eighth Amendment, which applies to convicted prisoners, courts apply the same principles to both prisoners and pretrial detainees. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (citing *Bell*, 441 U.S. at 537).

[11] "Although *Sandin* abrogated … *Hewitt*'s methodology for establishing the liberty interest," the Supreme

11

1    As the Supreme Court has explained, the Due Process Clause does not protect against all changes
2    in conditions of confinement even where they have "a substantial adverse impact on the prisoner
3    involved." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Courts have uniformly held that
4    placement in administrative segregation for non-punitive reasons does not give rise to a liberty
5    interest under the Due Process Clause. *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir.
6    2013) (quoting *Hewitt*, 459 U.S. at 468); *Miramontes v. Chief of Dep't of Corr.*, 86 F. App'x 325,
7    326 (9th Cir. 2004) (holding that pretrial detainee subjected to administrative segregation "did not
8    have a constitutional right to a hearing").

9    Here, the Second Amended Complaint does not contain enough allegations to make the
10   alleged due process violation plausible. Mr. Brown alleges that defendants punished him as a
11   pretrial detainee in April 2016 by applying the "custom" or "policy" of sending house arrest rule
12   violators to "administrative segregation." 2nd Am. Compl. at 8. The relevant case law indicates
13   that a pretrial detainee's placement in administrative segregation is not punitive. Thus, placement
14   alone does not give rise to a due process claim. Brown alleges only the pure fact of segregation
15   and its duration, not any conditions of segregation or that it increased the length of his detention.
16   To state an actionable claim, Brown must allege facts indicating that the conditions he experienced
17   in segregation were "atypically harsh" as compared to conditions in the general population and
18   conditions jail officials have discretion to impose, or that his segregation necessarily increased the
19   length of his detention. *See Hernandez*, 989 F. Supp. 2d at 1069. In addition, Brown's claim that
20   he was "punished" by being placed in administrative segregation is conclusory. He provides no
21   facts to show that defendants intended to punish him, and the court cannot infer such intent based
22   on these facts. Mr. Brown has not stated a plausible due process claim based on these facts.

23           2.   Counts IV and XI

24   The Equal Protection Clause of the Fourteenth Amendment commands that no state shall
25   "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend
26   XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike."

27   Court has recognized that *Hewitt* remains "instructive" for its "discussion of the appropriate level of
28   procedural safeguards." *Wilkinson v. Austin*, 545 U.S. 209, 229 (2005); *see also Lira v. Herrera*, 448 Fed.
     App'x 699, 701 n.1 (9th Cir. 2011).

1   *City of Cleburne*, *Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The purpose of the equal
2   protection clause of the Fourteenth Amendment is to prevent intentional and arbitrary
3   discrimination. *Engquist v. Oregon Dept. of Ag.*, 553 U.S. 591, 611 (2008). This does not mean,
4   however, that all individuals must receive identical treatment and resources. *See Cruz v. Beto*, 405
5   U.S. 319, 322 n.2 (1972); *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th
6   Cir. 2013). To prevail on a § 1983 equal protection claim, a plaintiff must allege facts plausibly
7   showing that the defendant acted with an intent or purpose to discriminate against the plaintiff
8   based upon his or her membership in a protected class. *Hartmann*, 707 F.3d at 1123 (quoting
9   *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)).

10  The Supreme Court has held that race, national origin, religion, alienage (non-citizenship),
11  and gender are protected classes. *E.g.*, *Clark v. Jeter*, 488 U.S. 456, 461 (1988); *Mississippi Univ.*
12  *for Women v. Hogan*, 458 U.S. 718, 724–25 (1982); *City of New Orleans v. Dukes*, 427 U.S. 297,
13  303–04 (1976). Pretrial detainees or prisoners convicted of crimes do not constitute a suspect class
14  for equal protection purposes. *United States v. Whitlock*, 639 F.3d 935 (9th Cir. 2011); *Taylor v.*
15  *Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002). To state an equal protection claim as a "class of
16  one," a plaintiff must allege that he was intentionally treated differently from others similarly
17  situated and there is no rational basis for the difference in treatment. *Village of Willowbrook v.*
18  *Olech,* 528 U.S. 562, 564 (2000); *Engquist v. Or. Dep't of Agriculture*, 478 F.3d 985, 995 (9th Cir.
19  2007) (in a "paradigmatic class-of-one case" a public official, "for some improper motive, comes
20  down hard on a hapless private citizen" (internal citation omitted)).

21  The Second Amended Complaint fails to state an actionable equal protection claim. In
22  Count IV, Mr. Brown alleges that defendants violated his equal protection rights by not treating
23  him "the same as similarly situated inmates, being, remanded pretrial detainee's" [*sic*], because he
24  was placed in the hole and restricted from commissary after he was remanded into custody in April
25  2016. 2nd Am. Compl. at 10. In Count XI, Brown alleges that defendants violated his equal
26  protection rights by conspiring to arrest him without probable cause or a warrant. *Id.* at 17. Brown
27  has not alleged that he was discriminated against based on his membership in any identifiable
28  protected class such as race, gender, national origin, or religion. Inmates and pretrial detainees do

not constitute a suspect class. It appears he may be attempting to state a "class of one" claim by asserting he was treated differently from others similarly situated. However, Brown does not allege that defendants had an "improper motive" for his unequal treatment or that they had no rational basis for the different in treatment. Based these pleading deficits, Mr. Brown fails to state an actionable equal protection claim.

Counts IV and XI also state in conclusory fashion that Brown is suing the defendants for various tort claims arising under Nevada state law: intentional infliction of emotional distress, negligent infliction of emotional distress, deprivation of familial relations, deprivation of familial association, and excessive force. *Id.* at 10, 17. He provides no allegations to support these causes of action, only labels and conclusions. *See Teixeira*, 873 F.3d at 678 (claims have facial plausibility when a plaintiff alleges factual content allowing a reasonable inference that a defendant is liable for the misconduct alleged). Brown's conclusory assertions, with no factual basis, do not state plausible claims. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Furthermore, as explained below, the court lacks supplemental jurisdiction for Brown's tort claims under Nevada law because his underlying § 1983 claims are not actionable as alleged.

### 3. "Additional Violations"

In addition to the enumerated counts, Brown alleges "Additional Violations" against Michael Slyman, Easy Bail, LLC, and American Surety Company of defamation, slander, and fraud. 2nd Am. Compl. at 19. Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A court's jurisdiction to resolve a case on its merits requires a showing of both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a plaintiff states an actionable claim under federal law, district courts have supplemental jurisdiction over all claims in the case that are so related to claims providing original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

Jurisdiction in this case is purportedly based on this court's original jurisdiction over the

42 U.S.C. § 1983 claim arising under the laws of the United States. *See* 28 U.S.C. §§ 1331, 1443. However, Brown's "Additional Violations" are tort claims arising under Nevada law. Because the Second Amended Complaint fails to state an actionable federal claim, the court necessarily cannot exercise supplemental jurisdiction over Brown's state-law claims. 28 U.S.C. § 1367(a) ("[I]n any civil action *of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction") (emphasis added); *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001) ("The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.").

Based on the foregoing,

**IT IS ORDERED**:

1. The Clerk of Court shall MAIL Plaintiff Marlon Brown one blank form complaint for § 1983 civil rights actions along with the instructions for completing the form, one copy of the Second Amended Complaint (ECF No. 14), and one copy of this Report of Findings and Recommendation.

2. If Mr. Brown believes he can correct the noted deficiencies in his due process and equal protection claims, as well as any state tort claims for which the court may have supplemental jurisdiction, Mr. Brown shall file a new civil action containing only those claims and omitting any habeas corpus claims the court identified here.

3. The complaint in the new civil action must be a complete document in and of itself and will supersede any previous complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in a complaint filed in the new civil action will no longer be before the court.

///
///
///
///
///

**IT IS RECOMMENDED** that:

1. Plaintiff Marlon Brown's Second Amended Complaint (ECF No. 14) be **DISMISSED, without prejudice**, in its entirety for failure to state a claim.
2. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 7th day of February, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.