# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Marlon Lorenzo Brown, ) | |
| Plaintiff, ) | Case No. 2:17-cv-02396-APG-BNW |
| vs. ) | **ORDER** |
| Sgt. Tromba, et al., ) | |
| Defendants. ) | |

Presently before the Court is Plaintiff's motion to amend. (ECF No. 40.) As discussed below, the Court will grant this motion.

Plaintiff is an inmate who began this action as a pro se litigant. He filed two complaints at the start of the litigation. (ECF Nos. 1-1, 14.) The Court screened his second amended complaint and recommended that it be dismissed for failure to state a claim. (*See* ECF No. 22.) Plaintiff then filed a motion to file a third amended complaint. (ECF No. 26.) The Court denied this motion. (ECF No. 27.)

Plaintiff appealed the Court's order dismissing his second amended complaint and denying his motion to file a third amended complaint. (ECF No. 29.) The Ninth Circuit vacated and remanded the Court's order denying his motion to file a third amended complaint, because the Court did not address whether amendment would be futile. (ECF No. 32.)

As a result of the Ninth Circuit's decision, the district judge assigned to this case ordered the magistrate judge to screen Plaintiff's third amended complaint at ECF No. 26-1. (ECF No. 35.) However, after this order was entered, the procedural landscape of this case changed significantly. Plaintiff again moved to amend his complaint (twice) and obtained counsel. First, Plaintiff moved to amend his complaint pro se. (ECF No. 36.) Then, he retained counsel, withdrew this motion to amend (ECF No. 39), and his counsel filed the motion to amend now before the Court. (ECF No.

40.)

The Court reviewed Plaintiff's proposed complaint (ECF No. 40-1) and is satisfied that it is not frivolous. The Court, in its discretion, will not provide an in depth screening analysis. Section 1915A provides that the court must "review . . . a complaint in a civil action in which a prisoner seeks redress from the governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Section 1915A does not differentiate between represented and unrepresented prisoners with regard to screening. However, given that the purpose of § 1915A is to prevent defendants from having to respond to frivolous or malicious lawsuits and to conserve judicial resources by dismissing these types of cases at an early stage, the Court typically does not screen prisoner civil rights cases in which the prisoner is represented by an attorney. *See Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (stating that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding" (quotation omitted)); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended to "conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage"). Additionally, in cases in which a prisoner is represented by an attorney, the attorney's obligations under Rule 11 of the Federal Rules of Civil Procedure substantially reduce the incidence of frivolous prisoner civil rights claims.

Given that the concerns underlying § 1915A are obviated by the fact Plaintiff is represented by an attorney, the Court will not enter another screening order in this case.[1] The Court will grant

---

[1] There is also persuasive authority in the Ninth Circuit that provides that the Court is not required to screen every amended complaint a litigant files. *See, e.g.*, *Olausen v. Murguia*, No. 3:13-CV-00388-MMD, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014) ("[T]he screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint.").

Plaintiff's motion to amend, and if Defendants believe there are any issues with Plaintiff's complaint, they can address them through a motion to dismiss.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (ECF No. 40) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall detach and file ECF No. 40-1 as a separate entry on the docket.

DATED: September 17, 2020

_____
**Brenda Weksler**
**United States Magistrate Judge**