UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>    Plaintiff<br><br>v.<br><br>DONTE TROMBA, et al.,<br><br>    Defendants<br><br>_____<br><br>MARLON BROWN<br><br>    Plaintiff<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT and DANTE TROMBA,<br><br>    Defendants | Case No.: 2:17-cv-02396-APG-BNW<br><br>**Order**<br><br>[ECF No. 41]<br><br><br><br><br><br>Case No.: 2:19-cv-01350-APG-DJA<br><br>[ECF Nos. 38, 47] |

Plaintiff Marlon Brown has filed two separate lawsuits against the Las Vegas Metropolitan Police Department (LVMPD) and Dante Tromba arising out of the same set of facts. He filed Case No. 2:17-cv-02396-APG-BNW (*Brown I*) in September 2017. On February 7, 2019, Magistrate Judge Leen screened Brown's second amended complaint and recommended that I dismiss it. *See* 2:17-cv-02396-APG-BNW, ECF No. 22 at 16. She ordered the clerk of court to send Brown a blank form complaint and stated that if Brown could correct the noted deficiencies, he "shall file a new civil action." *Id.* at 15. Brown objected to Judge Leen's recommendation. 2:17-cv-02396-APG-BNW, ECF No. 23. Before I ruled on that objection,

Brown filed a second case in Nevada state court on March 6, 2019. *Brown v. Tromba*, A-19-790658-C.

In July 2019, Brown filed a motion for leave to file a third amended complaint in *Brown I*. 2:17-cv-02396-APG-BNW, ECF No. 26.  I thereafter accepted Judge Leen's recommendation, dismissed the second amended complaint, and denied Brown leave to file the proposed third amended complaint. 2:17-cv-02396-APG-BNW, ECF No. 27.  Brown appealed. 2:17-cv-02396-APG-BNW, ECF No. 29.

A few days later, LVMPD and Tromba removed *Brown II* to this court. 2:19-cv-01350-APG-DJA (*Brown II*).  Neither Brown nor the defendants advised the court that *Brown II* involved the same facts and parties as *Brown I*, which was then on appeal.  *Brown II* thus proceeded while *Brown I* remained on appeal with the Ninth Circuit.  In April 2020, the Ninth Circuit reversed and remanded *Brown I*, directing me to consider whether the proposed third amended complaint was futile. 2:17-cv-02396-APG-BNW, ECF No. 32.

In July 2020, the defendants moved in *Brown II* to have their requests for admissions be deemed admitted because, despite several extensions, Brown had failed to respond. 2:19-cv-01350-APG-DJA, ECF No. 25.  Magistrate Judge Youchah granted that motion. 2:19-cv-01350-APG-DJA, ECF No. 32.  Brown moved for reconsideration, which Judge Youchah denied. 2:19-cv-01350-APG-DJA, ECF No. 44.  Brown did not object to or appeal either of Judge Youchah's orders.

Up until August 2020, Brown had been proceeding pro se in both cases.  After obtaining counsel, Brown moved to consolidate the two cases. 2:17-cv-02396-APG-BNW, ECF No. 41; 2:19-cv-01350-APG-DJA, ECF No. 38.  He also filed a new motion to amend in *Brown I*, which was granted. 2:17-cv-02396-APG-BNW, ECF Nos. 40, 43.

In September 2020, Brown moved to voluntarily dismiss *Brown II*. 2:19-cv-01350-APG-DJA, ECF No. 47.  The defendants opposed voluntary dismissal because they had answered the complaint, engaged in discovery, and submitted a motion for summary judgment just three days after Brown moved to voluntarily dismiss, which was the deadline for filing dispositive motions in *Brown II*. 2:19-cv-01350-APG-DJA, ECF Nos. 22, 48, 49.  The defendants argued that if I were inclined to allow dismissal of *Brown II*, I should apply the discovery orders in *Brown II* to *Brown I* and order Brown to reimburse the defendants' fees and costs incurred in defending *Brown II*. 2:19-cv-01350-APG-DJA, ECF No. 49.

The result of this procedural morass is that discovery has closed in *Brown II* and a summary judgment motion is pending.  Meanwhile, discovery is stayed in *Brown I* and motions to dismiss and amend are pending. 2:17-cv-02396-APG-BNW, ECF Nos. 67, 73, 82.

It is plain that the two cases must be consolidated because they involve the same parties and share common questions of fact. *See* Fed. R. Civ. P. 42(a); LR 42-1(b).  I therefore grant Brown's motions to consolidate, and I deny as moot his motion to voluntarily dismiss *Brown II*.[1] The parties appear to dispute what this means procedurally for *Brown I* going forward.

Brown argues in his motion for voluntary dismissal that because *Brown I* was on appeal, Judge Youchah and I lacked "jurisdiction" to issue rulings in *Brown II*.[2]  He bases this argument on the rule of divestment.  Under this rule, the "filing of a notice of appeal is an event of

---

[1] I therefore deny LVMPD's request to award it fees as a condition for voluntary dismissal of *Brown II*.

[2] Brown's counsel argues that I should have known I could not act in *Brown II* because *Brown I* was on appeal.  That view is utterly divorced from the reality of this court's busy docket and contrary to the Local Rules.  I have hundreds of cases with many new filings every day.  It is not possible to review each new case and investigate whether it involves the same claims between the same parties as a prior closed case that is on appeal.  The parties, on the other hand, are well aware of the cases and claims between them.  The parties should have notified the court of the related cases as required by Local Rule 42-1(a).

3

jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790-91 (9th Cir. 2018) (quotation omitted). However, this rule "is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *Id.* (quotation omitted).

Although courts have referred to the district court losing "jurisdiction" once a notice of appeal is filed, the divestment rule is not jurisdictional. *Id.* Rather, it is "more accurately characterized as [a] mandatory claim-processing rule[] that may be applied in a less stern manner than true jurisdictional rules." *Id.* (quotation omitted). Where the rule applies, the district court is divested "of its authority to proceed with trial pending appeal." *Id.* (quotation omitted). This distinction is important because "[u]nlike defects in constitutional or statutory jurisdiction, which deprive a court of the power to act and thus void actions taken while jurisdiction was lacking, . . . an error in following our circuit's divestiture procedure does not entirely eliminate the authority of the district court to hear a case." *Id.* The Ninth Circuit thus has "decline[d] to apply the divestiture rule in a slavish manner that ignores the reality of what happened in the trial court." *Id.* (quotation omitted). Rather, the court adopts a "pragmatic approach." *Id.*

As an initial matter, Brown cites no authority for the proposition that an appeal in one case divests the district court of authority to act in an entirely separate case, even if the second case is between the same parties and based on the same claims as the appealed case. Even if the divestment rule applies to such a circumstance, Judge Youchah and I did not lack "jurisdiction" to act in *Brown II*. Consequently, the orders in that case are not void.

Taking a pragmatic view of the situation, the parties and the court invested resources in litigating *Brown II* that would be wasted if the court was divested of the authority to act. The parties were apparently content to simultaneously litigate both cases without advising the court of the situation. Undoing everything that happened in *Brown II* thus would not serve the goal of judicial economy. Therefore, the orders in *Brown II* are valid. As a result, Brown's admissions in *Brown II* apply in *Brown I* post-consolidation because Brown has never moved to withdraw those admissions, even after the defendants pointed out that failure to his counsel. *See* 2:19-cv-01350-APG-DJA, ECF No. 49 at 3.

Now that I have consolidated the cases, I will allow LVMPD and Tromba to decide whether to stand on their summary judgment motion in *Brown II* as currently briefed or, alternatively, to withdraw the motion without prejudice to filing a new motion in the consolidated action.

I THEREFORE ORDER that plaintiff Marlon Brown's motions to consolidate (**2:17-cv-02396-APG-BNW, ECF No. 41** and **2:19-cv-01350-APG-DJA, ECF No. 38**) **are GRANTED**. Case Nos. 2:17-cv-02396-APG-BNW and 2:19-cv-01350-APG-DJA are consolidated, with Case No. 2:17-cv-02396-APG-BNW serving as the lead case. All further filings in these cases shall be filed in the lead case.

I FURTHER ORDER that plaintiff Marlon Brown's motion to voluntarily dismiss (**2:19-cv-01350-APG-DJA, ECF No. 47**) **is DENIED as moot**.

/ / / /

/ / / /

/ / / /

/ / / /

I FURTHER ORDER that **by April 9, 2021**, defendants Las Vegas Metropolitan Police Department and Dante Tromba shall file a notice in the lead case indicating whether they intend to stand on the briefing of their summary judgment motion in *Brown II*, or whether they withdraw that motion without prejudice to filing a new motion in *Brown I*.

DATED this 18th day of March, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE