# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

Marlon Lorenzo Brown,

    Plaintiff,

v.

Donte Tromba, et al.,

    Defendants.

Case No. 2:17-cv-02396-APG-BNW

**ORDER**

Before the Court is Plaintiff's motion to amend. ECF No. 73. Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Dante Tromba (collectively, "Defendants") opposed this motion at ECF No. 76, and Plaintiff replied at ECF No. 79. For the reasons discussed below, the Court denies Plaintiff's motion to amend without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.[1] Plaintiff may file another motion to amend his complaint by June 4, 2021 or after the parties amend their discovery plan and scheduling order.[2]

---

[1] The undersigned believes it is appropriate to prepare an order (rather than a report and recommendation) denying this motion to amend because it is neither dismissing for failure to state a claim nor involuntarily dismissing an action. *See* 28 U.S.C. § 636(b)(1)(A). Though the Court is denying the motion to amend, it is doing so without prejudice and with leave to refile.

[2] The deadline for amending pleadings lapsed on March 4, 2021. ECF No. 62 at 3. Plaintiff filed his motion to amend before this deadline (on February 9, 2021). ECF No. 73. Then, the parties stipulated to stay discovery pending a decision on Defendants' motion to dismiss. ECF No. 81. The parties' stipulation noted that once the stay was lifted, they would submit a new discovery plan, including a new deadline to amend pleadings. *Id.* at 2. The Court granted this stipulation. ECF No. 82. Accordingly, the Court, in its discretion to control the schedule in this case, gives Plaintiff a new deadline to submit a motion to amend that may obviate the need for the district judge to decide the motion to dismiss.

**I. Background**

Plaintiff filed this case pro se in 2017. ECF No. 1. While pro se, Plaintiff moved to amend his complaint a few times. *See* ECF Nos. 8, 14, 26. Subsequently, Plaintiff retained counsel. ECF No. 37. Counsel now seeks leave to file Plaintiff's Fourth Amended Complaint (the "complaint"). ECF No. 73.

In Plaintiff's complaint, he seeks to dismiss several parties. ECF No. 73 at 4.[3] Plaintiff also seeks to add claims (a defamation claim and an unlawful search claim) and defendants, including Judge Tobiasson and additional LVMPD officers. *Id.* at 5 (noting new defendants); ECF No. 76 at 5 (noting new claims).

Defendants oppose Plaintiff's motion to amend on several grounds. As is relevant to this Court's decision, Defendants argue that Plaintiff's complaint violates Rule 8 of the Federal Rules of Civil Procedure. ECF No. 76 at 6-9. This is so, they argue, because the complaint is unnecessarily long and contains irrelevant facts, argumentative accusations, and meandering conspiracy theories. *Id.* at 7-9. Defendants argue that "Plaintiffs proposed pleading spans nearly 700 pages—with sixty-seven of those pages being the main complaint containing 345 separate factual allegations—and over 610 pages of exhibits." *Id.* at 7. Defendants also point to several examples of, what they assert are, irrelevant facts. *Id.* at 8.

Plaintiff disagrees with Defendants' Rule 8 argument. ECF No. 79 at 8-10. Plaintiff states that he is permissibly trying to address the issues Defendants raised in their motion to dismiss.[4] *Id.* at 8. Plaintiff also points out that Defendants argued in their motion to dismiss that the operative complaint was not specific enough. *Id.* at 9. Now, Defendants argue that the complaint is too specific. *Id.* According to Plaintiff, Defendants cannot have it both ways. *Id.* Plaintiff also states that the complaint is only 67 pages long and that the other pages are exhibits, filed in anticipation of arguments Defendants may make about the alleged shortcomings of this complaint (e.g., futility or lack of specificity under Rule 9). *Id.* Plaintiff also compares the third amended

---

[3] Page references refer to page numbers generated by CM/ECF.
[4] The Court agrees that this is permissible and will not address this issue further.

complaint to the fourth amended complaint and writes that the latter is only 46 pages longer than the former. *Id.*

## II. Legal Standard

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "The standard for granting leave to amend is generous." *Id.* And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 219CV1602JCMEJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

Amendment may be denied as futile when a proposed complaint violates Rule 8 of the Federal Rules of Civil Procedure. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). Under Rule 8, pleadings "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly

repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso*, 637 F.3d at 1059 (*citing* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010)); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) ("district court did not abuse its discretion in concluding that appellants' complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8.").

**III.    Analysis**

Here, Plaintiff's complaint violates Rule 8 of the Federal Rules of Civil Procedure. As discussed in more detail below, Plaintiff's complaint is needlessly long and, at times, confusing. *See Cafasso*, 637 F.3d at 1059; *Hatch*, 758 F.2d at 415.

First, the Court finds that Plaintiff's complaint is needlessly long. Plaintiff's complaint contains only seven claims. ECF No. 73-1. These claims are not complex; they relate mostly to Plaintiff's allegedly unlawful arrest while on bond and certain facts and circumstances surrounding that arrest. *See id.* Despite this, the complaint is 68 pages. *Id.* It contains 345 paragraphs. *Id.* And Plaintiff attaches over 600 pages of exhibits. ECF Nos. 73-2 to 73-6.

The complaint is lengthy, in large part, because Plaintiff includes several block quotes from these exhibits (which adds extraneous detail to the complaint itself and hundreds of pages in exhibits). *See* ECF No. 73-1. For example, in the complaint, Plaintiff appears to be trying to make the simple point that an officer testified that a murder did not occur in Top Notch (Plaintiff's store) but rather in the parking lot. *See id.* at 10-11. To make this point, Plaintiff writes:

> It is clear from the testimony of Defendant LVMPD Detective Christopher Bunn that no crime had been committed inside of the Top Notch establishment, and the LVMPD had no probable cause to believe that a crime had been committed inside of the Top Notch establishment. See GJ Transc. C-16-319714-4, 12/13/16, attached as Exhibit 12, at 9.
>
> Defendant Bunn was involved in the investigation of the murder of Ezekiel Davis that occurred at 4230 South Decatur Boulevard here in Clark County, Las Vegas, Nevada. *Id.* at 10.
>
> Defendant Bunn clearly testified that the murder occurred in [a] "parking lot for a strip mall. There are, it's one large building but there's several businesses within that building. The building that seemed to be, or the business that was primarily

involved in this was at the very south end. The edge of the building was between Decatur, it faced Decatur, so the building faced to the west, and it was east of Decatur. So when we arrived at that location there were several cars still in the parking lot. **The building was closed and locked from the interior** and there were multiple police cars in the parking lot and then there was yellow tape up around there and several police officers still present at the scene." *Id.* at 10-11 (emphasis added).

According to Officer Bunn "at the very south end you can kind of see a Slgn [sic] up on the very top at the very south end but on the building itself and that's going to be the business that we were concerned with, it says Top Knotch." *Id.* at 12. However, Officer Bunn clearly testified that no crime occurred inside of Top Knotch. *Id.* Rather, the murder occurred in the parking lot in front of Top Knotch. *Id.*

*Id.* Here, Plaintiff could express his point in a few sentences or less. There are several places in the complaint where this is true. *See, e.g.*, *id.* at 9:24-10:7; 10:13-19; 22:9-22.

The complaint is also lengthy because it appears to contain simply unnecessary detail. Again, this case is primarily about Plaintiff's allegedly unlawful arrest while on bond and certain facts and circumstances surrounding that arrest. *See* ECF No. 73-1. However, Plaintiff includes information that appears to be largely irrelevant, like the following.

On June 1, 2016, Judge Tobiasson was assigned a domestic violence case involving Shane Valentine. *See* Transcript, 15F03105A, attached as Exhibit 7, at 1, 20:1-2.

This domestic violence case involved Eighth Judicial District Court Judge Michelle Leavitt's daughter, Morgan Deborah Leavitt. *Id.* at 19:6-16. Morgan Leavitt testified under her prior, given name, Morgan Deborah Fitzpatrick. *Id.* However, public records clearly indicate that Morgan Deborah Fitzpatrick changed her name to Morgan Deborah Leavitt on April 29, 2014. *See* Morgan Leavitt Name Change, attached as Exhibit 8, at 1.

Morgan Leavitt testified under oath that on the evening of the incident she contacted a cab using an "escort service" business phone. See Ex. 7, at 37:6-25. Morgan was living with known Las Vegas pimp, Shane Valentine, and was at the Crazy Horse strip club the night of the incident. *Id.* 40:19-23, 42.

During her testimony, Morgan was questioned about an address she had given to police who responded to the domestic violence incident, 9132 Gray Bluff Drive, which Morgan confirmed was her mother's home. *Id.* at 36:15-21. The house a[t] 9132 Gray Bluff Drive, was transferred between Roger Fitzpatrick and Michelle Fitzpatrick in 1999, and was recorded by Dennis M. Leavitt, *Esq. See* Deed Transfer 1999, attached as Exhibit 9, at 2. The house was sold in 2018 by Michelle Leavitt, the Trustee of the Leavitt Revocable Trust on August 13, 2018. *See* Deed Transfer 2018, attached as Exhibit 10, at 1.

ECF No. 73-1 at 7. The Court is unsure how Morgan Leavitt and her testimony is relevant to Plaintiff's claims. And the detail given about Morgan Leavitt's name change and the ownership of her mother's home seems wholly irrelevant to this case.[5] The complaint is replete with examples like this of unnecessary details. *See, e.g.,* ECF No. 73-1 at 7:1-6; 11:21-24; 15:10-26; 16:2-13; 21:14-16; 22:15-21; 57:8-24; 58:7-16; 59:22-25.

To be sure, some of the cited passages above may contain information that is helpful to a well-plead complaint, but the passages also contain extraneous, minute details that do not need to be included in the complaint. The Court also does not mean to suggest that the cited passages are irrelevant to this case. The Court is simply stating that the complaint contains many details that are unnecessary to "a short and plain statement of the claim." *See* Fed. R. Civ. P. 8(a)(2); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

For all these reasons, the Court finds that the length of Plaintiff's complaint is disproportionate to the limited number of claims asserted and their complexity.

Second, the Court finds that Plaintiff's complaint is confusing. As discussed above, the Court cannot discern the relevance of several portions of the complaint. Additionally, quotations are often used in a way that is confusing, as it is not always clear what the Plaintiff is quoting from, who provided the quote, when, in what context, etc. The combination of these factors (a voluminous complaint that includes seemingly irrelevant information and confusing quotes) makes it difficult for the Court to understand the complaint and fairly analyze Defendants' merits-based arguments. Accordingly, the complaint violates Rule 8 of the Federal Rules of Civil Procedure. *See Cafasso*, 637 F.3d at 1059; *Hatch*, 758 F.2d at 415.

---

[5] To the extent this information is relevant to Plaintiff's claims, the Court does not understand the relevance, which further demonstrates the lengthy and confusing nature of the complaint. *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) ("Because [the complaint] is fifty-three pages long, and mixes allegations of relevant facts [and] irrelevant facts . . . in a confusing way, we cannot be sure that we have correctly understood all the averments.").

The Court would have preferred to decide Plaintiff's motion to amend on the merits. Deciding Plaintiff's motion to amend on Rule 8 grounds may very well be "kicking the can down the road," so to speak, on Defendants' other arguments. However, the Court believes the fairest and best way to address this issue is to deny amendment (as currently proposed), allow Plaintiff to move to amend again (with a Rule 8-compliant complaint), and then address whatever merits-based arguments Defendants may raise.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 73) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion to amend, if he so desires, by June 4, 2021 or after the parties amend their discovery plan and scheduling order.

**IT IS FURTHER ORDERED** that the parties must meet and confer about Defendants' motion to dismiss and Plaintiff's proposed amendments by May 26, 2021 to determine if they can resolve any or all disputes.

DATED: May 18, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE