**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARLON LORENZO BROWN, | Case No.: 2:17-cv-02396-APG-BNW |
| Plaintiff | **Order Denying Defendants' Motion to Dismiss Third Amended Complaint, Granting in Part Plaintiff's Motion for Leave to Amend, and Denying Defendants' Motion for Leave to File Surreply** |
| v. | |
| DANTE TROMBA, et. al., | |
| Defendants | [ECF Nos. 67, 86, 93] |

Plaintiff Marlon Lorenzo Brown filed this case *pro se* in 2017. ECF No. 1.  Brown amended his complaint twice and moved for leave to file a third amended complaint. ECF Nos. 8, 14, 26.  I denied Brown's motion for leave to file a third amended complaint, and after the Ninth Circuit reversed that decision, I ordered Judge Weksler to screen Brown's proposed third amended complaint. ECF Nos. 27, 32, 35.  Brown then retained counsel in August 2020. ECF No. 37.  Brown, through his counsel, again moved to file a third amended complaint. ECF No. 40.  Judge Weksler granted this motion, making Brown's Third Amended Complaint (TAC) the operative complaint in this case. ECF Nos. 43, 44.

Certain defendants, Las Vegas Metropolitan Police Department (LVMPD) and Dante Tromba (together, the LVMPD Defendants), move to dismiss the TAC. ECF No. 67.  Brown then moved for leave to amend the TAC. ECF No. 73.  Judge Weksler denied that motion without prejudice and allowed Brown to file another motion to amend the TAC. ECF No. 85. Brown did so. ECF No. 86.  Defendants Clark County, the Clark County District Attorney's Office, and Clark County District Attorney Steve Wolfson (together, the Clark County Defendants) opposed Brown's motion to amend the TAC. ECF No. 89.  The LVMPD

Defendants also opposed Brown's motion to amend the TAC and moved for leave to file a surreply in opposition. ECF Nos. 90, 93.  So presently before me are (1) the LVMPD Defendants' motion to dismiss the TAC, (2) Brown's motion for leave to amend the TAC, and (3) the LVMPD Defendants' motion for leave to file a surreply in opposition to Brown's motion. ECF Nos. 67, 86, 93.

Brown argues his proposed Fourth Amended Complaint (FAC) corrects the problems Judge Weksler identified, his motion is not frivolous, and leave to amend must be freely given. The LVMPD Defendants contend one of the FAC's claims for municipal liability is futile because the complained-of procedure is not unconstitutional.  They also argue the FAC does not comport with Federal Rules of Civil Procedure 15(c)(1) or 20(a)(2) because it introduces claims that are untimely and outside the established subject matter of this lawsuit.  The Clark County Defendants oppose Brown's motion only to the extent it includes untimely claims against Judge Tobiasson, similarly arguing those claims do not comport with Rules 15 or 20.

Because the claims against Judge Tobiasson do not satisfy Rules 15 or 20, and the new unlawful search and seizure claim does not satisfy Rule 15, I deny Brown's motion to amend the TAC to include these additions.  I deny as moot the LVMPD Defendants' motion for leave to file surreply.  Because Brown may be able to allege facts supporting his new basis for his *Monell* claim, I grant Brown limited leave to amend his TAC to include this new claim, should facts exist to plausibly do so.  I therefore deny as moot the LVMPD Defendants' motion to dismiss the TAC.

**I. BACKGROUND**

The parties are well-versed in the underlying facts of this case.  In sum, Brown alleges that LVMPD and various officers conducted an unlawful search of his business and seized

property from his business after obtaining an unlawful search warrant.  Later, LVMPD allegedly

falsely arrested Brown while he was on bond, falsely imprisoned him, and made

misrepresentations about the arrest to keep him in custody.  Brown also alleges that a former Las

Vegas Justice of the Peace, Judge Tobiasson, investigated and defamed Brown throughout 2015-

2020.

Brown's proposed FAC makes several changes to the TAC.  At issue here are Brown's

addition of (1) Judge Tobiasson as a defendant to his intentional infliction of emotional distress

(IIED) claim; (2) a defamation claim against Judge Tobiasson; (3) an unlawful search and

seizure claim against LVMPD officers; and (4) a claim that LVMPD's practice of "logging

reports and evidence under separate event numbers to conceal evidence and misconduct of

investigating officers" (the "Event Number Practice") is unconstitutional.

## II. ANALYSIS

Brown argues his FAC comports with Judge Weksler's order (ECF No. 85) because it

contains shorter statements of most of his claims, and it contains no block quotes or exhibits.  He

argues generally that his new claims are timely and within the discovery schedule.  Brown

acknowledges that while this would be his fourth amended complaint, it is the first time he has

amended his complaint with counsel's assistance and so he has not exhibited a repeated failure to

cure deficiencies.  He argues the defendants would not be unduly prejudiced and amendment

would not be futile.  The defendants identify four flaws that I address below.

1.  Rule 15

a.  *IIED Claim*

The Clark County Defendants argue Brown's claims against Judge Tobiasson are brought

in bad faith.  They contend he admitted he brought these claims only for tactical reasons, because

he believes that once Judge Tobiasson is a party to the case he will be able to subpoena the Clark County District Attorney's Office for her deposition.  The Clark County Defendants note that Brown may still depose Judge Tobiasson even if she is not a named defendant.[1]  They also argue Brown could have brought his claims against Judge Tobiasson in a prior complaint.

With regards to the IIED claim specifically, the Clark County Defendants argue this claim is futile because it is brought outside the two-year statute of limitations.  They note Brown grounds his IIED claim in conduct dating back to 2015, when he alleges Judge Tobiasson began investigating Brown's business.  The Clark County Defendants argue Nevada has not explicitly adopted the discovery rule for IIED claims, but even if it did apply Brown did not meet the strict pleading standards required to survive dismissal of the claims under the statute of limitations because the FAC did not explain when and how he discovered the alleged investigation, or the circumstances excusing his delayed discovery.  They argue Judge Tobiasson will be substantially prejudiced if forced to defend herself because memories have faded and potential evidence has been lost.

Brown admits he added Judge Tobiasson as a defendant after Clark County refused to produce Judge Tobiasson in response to Brown's notice of deposition. ECF No. 86 at 6. According to Brown, Clark County did so because Judge Tobiasson was not a named defendant, though Clark County acknowledged it was responsible for defending Judge Tobiasson for misconduct relating to her employment with Clark County. *Id.*  Brown argues that the Clark County Defendants did not cite case law supporting their assertion that this qualifies as bad faith. Brown does not respond to the futility argument as it relates specifically to the IIED claim,

---

[1] This argument applies to Judge Tobiasson's being named as a defendant in both the IIED and defamation claim.  Brown's response does not differentiate between the claims.  I detail this argument only in this section for succinctness.

except to say that he did not delay bringing his claims against Judge Tobiasson.  Brown denies Judge Tobiasson will be prejudiced if she has to defend this claim, and he argues any prejudice pales in comparison to the concern that Brown's ability to pursue this claim would be foreclosed. Further, Brown argues Judge Tobiasson is aware of the facts of this claim because she recently defended a related judicial ethics claim.

Generally, a plaintiff may amend the complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  I consider five factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility, and (5) whether the plaintiff has previously amended. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  Whether to grant leave to amend lies within my discretion. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

"Futility alone can justify a court's refusal to grant leave to amend." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).  An amendment is futile if it would be subject to dismissal, including if it is untimely. *Id.*; *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.20 (9th Cir. 2003).  Additionally, if an amendment is motivated by bad faith, I may deny leave to amend. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (holding district court did not abuse its discretion when it denied leave after finding proposed amendment to add defendant to destroy diversity jurisdiction evidenced bad-faith motive); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (finding no evidence indicating a wrongful motive, and therefore no cause to uphold the denial of leave to amend on the basis of bad faith).

1    Nevada's limitation period for IIED claims is two years. Nev. Rev. Stat. § 11.190(4)(e).

2 The period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d

3 788, 789 (Nev. 1997).  A cause of action generally accrues "when the wrong occurs and a party

4 sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev.

5 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817

6 (Nev. 2004) (*en banc*) ("A cause of action 'accrues' when a suit may be maintained thereon."

7 (quotation omitted)).  Under Nevada's discovery rule, time limits generally "do not commence

8 and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should

9 have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn,*

10 *Inc.*, 934 P.2d 229, 233 (Nev. 1997).

11    The Clark County Defendants cite *Prescott v. United States*, 523 F. Supp. 918, 940 (D.

12 Nev. 1981) to argue that for Brown to rely on the discovery rule, the FAC needed to "plead facts

13 justifying delayed accrual of his action" by alleging "(1) the time and manner of discovery, and

14 (2) the circumstances excusing delayed discovery."  However, it is not clear to me whether the

15 proposed FAC needed to do so under Nevada's discovery rule.[2]  I need not resolve that issue

16 because Brown does not provide sufficient tolling facts through either his response or his

17 proposed FAC.  Consequently, I deny his motion to amend regardless of whether *Prescott*'s strict

18 pleading standards apply.

19

20 [2] *Compare Siragusa v. Brown*, 971 P.2d 801, 807 n.6 (Nev. 1998) (*Prescott*'s express pleading
requirements are not the law of Nevada) *and Addison v. Countrywide Home Loans, Inc.*, 2011
21 WL 146516 at *5 (D. Nev. Jan. 14, 2011) (citing *Siragusa*'s footnote six for the proposition that
when applying Nevada's discovery rule, "a plaintiff must prove, but need not plead, tolling
22 facts") *with Reynolds v. Wolff*, 916 F. Supp. 1018, 1021-22 (D. Nev. 1996) (applying Supreme
Court of Nevada precedent, which cited *Prescott* pleading standards, to discovery rule).  Brown
23 does not explicitly contest whether the *Prescott* pleading standards apply and he relies on
*Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990), which cites *Prescott*'s pleading standards when
outlining Nevada's discovery rule, for the proposition that the discovery rule applies.

Brown's proposed IIED claim is based on Judge Tobiasson's investigating Brown and his business, and making statements that Brown was a pimp and his business was a front for illegal prostitution. ECF No. 86-1 at 27.  Judge Tobiasson first "made detectives of the LVMPD aware of what she believed was going on at [Brown's business] after hours, and wanted the LVMPD to investigate [Brown's business]" in September 2015. *Id.* at 5.  The statute of limitations on Brown's IIED claim against Judge Tobiasson therefore began running in September 2015, at the beginning of her alleged investigation.  The limitations period expired in September 2017, so Brown's IIED claim against Judge Tobiasson is untimely.  Amending the complaint to include this untimely claim would be futile.

Nevada has adopted the discovery rule for some causes of action.  But there is conflicting case law regarding whether the discovery rule applies to claims that derive their limitation period from Nev. Rev. Stat. § 11.190(4)(e), as Brown's IIED claim does. *Compare Dreyer-Lefevre v. Morissette*, No. 56653, 2011 WL 2623955 at *2 (Nev. July 1, 2011) (unpublished decision stating "the discovery rule does not apply to a cause of action that NRS 11.190(4)(e) controls") *and Vela v. Murphy*, 3:04-CV-00491-LRH (VPC), 2006 WL 8429917 at *3 (D. Nev. July 25, 2006) (stating that "the Nevada Supreme Court has never expressly held that the discovery rule applies to claims for intentional infliction of emotional distress") *with Reynolds*, 916 F. Supp. 1018 at 1021-22 (finding limitation period on § 1983 claim, which was governed by Nev. Rev. Stat. § 11.190(4)(e), was tolled pursuant to discovery rule); *Crabb v. Harmon Enters., Inc.*, No. 60634, 2014 WL 549834 at *3-*4 (Nev. Feb. 10, 2014) (applying discovery rule to personal injury claims whose limitation period is governed by Nev. Rev. Stat. § 11.190(4)I).

I do not need to decide whether the discovery rule applies here because even if it did apply, Brown has not explained why he was unable to discover Judge Tobiasson's September

1   2015 conduct to initiate his IIED claim.  Although Brown argues Judge Tobiasson's allegedly

2   defamatory statements in 2015 were private, he does not explain why he was unable to discover

3   her alleged investigation in 2015.  And if that alleged investigation consists only of her private

4   statements that Brown could not discover, I still deny his motion to add this claim because of the

5   reasons I discuss below, including that the IIED claim is brought in bad faith.

6          Brown sued Judge Tobiasson only because he could not figure out how to depose her

7   when she was not a named defendant.  Thus, he does not seek to vindicate his rights on the

8   merits of his claims against her.  This is not a proper basis for a lawsuit.  He also does not

9   explain why these claims were not raised in an earlier complaint, specifically in the TAC filed

10  with the assistance of counsel in August 2020.  Because Brown's IIED claim against Judge

11  Tobiasson is futile, brought in bad faith, and unduly delayed, I deny his motion to amend to add

12  this claim.

13             b.  *Defamation Claim*

14         The LVMPD Defendants argue the FAC's defamation claim against Judge Tobiasson is

15  untimely because it is based on statements that began in 2015, and Brown did not allege these

16  claims in any of his prior pleadings.[3]  They contend that though Brown was in jail since 2016, he

17  could have learned about the allegedly defamatory 2015 statements before he went into custody

18  in 2016 or during the months he was not in custody in 2016.  They assert that because the FAC

19  does not parse out which statements occurred while he was in custody, his defamation claim is

20

21

22

23  ---
    [3] The LVMPD Defendants also argue this claim does not comport with Rule 15(c)(1)'s relation
    back requirements.  Because Brown argues analysis of relation back is unnecessary because the
    discovery rule applies, I do not consider this argument.

time-barred.  Further, they argue, Brown's attempt to combine timely and untimely allegations

fails because I may not "dissect" the FAC to allow only timely aspects to proceed.[4]

The Clark County Defendants likewise argue Brown could have brought his claim in a

prior complaint.  They argue this claim is outside the two-year limitation period, as the FAC

seems to allege Judge Tobiasson defamed Brown in 2015 and 2018.  They also argue Nevada has

not explicitly adopted the discovery rule for defamation claims.  But even if it did apply, they

contend Brown did not meet the strict pleading standards required to survive dismissal of the

claims because the FAC lacks specificity of the nature, time, and circumstances surrounding the

alleged defamatory statements and fails to explain why Brown did not discover them until

recently.  Much like the LVMPD Defendants, the Clark County Defendants argue that some of

the statements were made prior to Brown's incarceration, so he cannot excuse his delayed

discovery on being incarcerated.  They repeat their argument that Judge Tobiasson will be

substantially prejudiced if forced to defend herself from this delayed claim.[5]

Brown responds that the defamation claim is not untimely because the discovery rule

applies and he could not have discovered the statements until 2020.  He argues that Judge

Tobiasson's defamatory statements prior to his custody were made privately to LVMPD officials

so he could not discover them.  Later, while he was in custody, Judge Tobiasson gave numerous

interviews to the media where she repeated her defamatory statements, but he could not discover

---

[4] The LVMPD Defendants cite *Sitton v. LVMPD*, No. 2:17-CV-111 JCM (VCF), 2019 WL 2514702 at *2 (D. Nev. Jun 18, 2019) for their proposition that Brown's motion must be denied in full if any part of the FAC is futile.  *Sitton* is not binding precedent and I decline to follow it.

[5] Brown responds to this argument in the same manner as he does to this argument in the IIED context.

1   them because he was in custody.[6]  He argues he had no way to discover the defamation prior to

2   Judge Tobiasson's media interviews.  As to timeliness, Brown states that he sought leave to file

3   the TAC (the only complaint prepared with the assistance of counsel) in August 2020, and he

4   filed the FAC within the discovery period.  Brown argues he could have discovered the

5   statements only after his counsel was able to conduct a thorough investigation in late 2020, and

6   the FAC alleges this.  Brown further argues that whether he could have discovered the statements

7   earlier is a matter for the trier of fact.

8         Nevada's limitation period for defamation claims is two years. Nev. Rev. Stat.

9   § 11.190(4)(c).  I am not aware of any Nevada cases expressly holding that the discovery rule

10  applies to defamation claims, and Brown has not cited any. *See Jackson v. Las Vegas Rev. J.*, No.

11  73673, 2018 WL 4173192 at *2 (Nev. Ct. App. Aug. 10, 2018) (analyzing timeliness of

12  defamation claim "even if" the discovery rule applied).  I do not need to decide whether the

13  discovery rule applies here, because even if it did, Brown's claim does not satisfy Rule 15.

14        Brown's defamation claim alleges that Judge Tobiasson made defamatory statements—

15  that Brown was a pimp and committed sex trafficking, and his business was a front for illegal

16  prostitution—to LVMPD, the Nevada Commission on Judicial Discipline, and the media. ECF

17  No. 86-1 at 25-26.  The FAC states that Judge Tobiasson made these statements between 2015

18  and 2020, but it does not detail when she made each one.  While the FAC provides specific dates

19  for some of the alleged statements, none of those statements occurred within the limitation

20  period.  In other words, all of the specific dates on which the FAC alleges Judge Tobiasson

21  defamed Brown occurred more than two years before June 4, 2021, when Brown filed the

22

23  

---

[6] The defendants do not address whether Brown's incarceration prevented him from discovering Judge Tobiasson's statement, so I do not address this issue.

proposed FAC. *E.g.*, *id.* at 5 (stating Judge Tobiasson testified to Nevada Judicial Ethics commission on April 12, 2018; "In September 2015, Judge Tobiasson reported that she made . . . the LVMPD aware of what she believed was going on at [Brown's business] . . . ."). The claim thus is untimely.

Even if I credited the FAC's general statement that some statements were made in 2019 or 2020, and even if the discovery rule applied, Brown does not explain why this claim was not raised in an earlier complaint. He argues he could not have discovered the statements before counsel completed an investigation in late 2020, but the TAC contains statements by Judge Tobiasson that underlie the defamation claims against her. *See, e.g.*, ECF No. 44 at 8-9 (¶¶ 42-44, "In November or December 2016, Tobiasson spoke directly with Sheriff Lombardo about Plaintiff, and his business Top Notch. . . . According to Tobiasson, Lombardo "had become aware of a situation . . . where there were two homicides involving these pimps that I had been asking them to investigate. And when he became aware of that, he . . . asked me to come in for a meeting to tell him what my experience had been. . . . According to Tobiasson, she gave Lombardo the information she had on Plaintiff and [Brown's business] directly in a meeting with him."). Even if counsel's late 2020 investigation revealed additional defamatory statements by Judge Tobiasson, counsel clearly knew about some when counsel assisted Brown in filing the TAC, which did not include the claims against Judge Tobiasson.

And even if counsel needed until late 2020 to uncover all of the statements forming the basis for Brown's defamation claim, the claim is brought in bad faith, as explained above. Because Brown's defamation claim against Judge Tobiasson is futile, brought in bad faith, and unduly delayed, I deny the motion to amend the TAC to include this claim.

           c.   *Addition of Unlawful Search and Seizure Claim*

1    The LVMPD Defendants argue the FAC's unlawful search and seizure claim does not

2 comport with Rule 15(c)(1) because it is based on events occurring in 2016, and Brown did not

3 allege these claims in his prior pleadings.  They argue the applicable limitation period is two

4 years, so this claim is time-barred.[7]

5    Brown responds that this claim is timely under the discovery rule.  He argues that

6 between September 25, 2016, when LVMPD obtained the search warrant, and October 3, 2016,

7 when he was remanded into custody, he did not have the investigative resources necessary to

8 obtain the facts and evidence to properly plead his search and seizure claim.  He obtained such

9 resources only when he retained counsel in 2020.  Brown argues he did not have access to the

10 court records of the case for which the search warrant was obtained, was not entitled to discovery

11 of the warrant, and could not have discovered it was obtained without probable cause while he

12 was in custody.[8]

13    The limitation period for Brown's search and seizure claim is two years. Nev. Rev. Stat.

14 § 11.190(4)(e); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (limitation period for § 1983

15 claim is that for personal injury torts in the state in which the cause of action arose).  "A cause of

16 action for illegal search and seizure accrues when the wrongful act occurs . . . even if the person

17 does not know at that time that the search was warrantless." *Belanus v. Clark*, 796 F.3d 1021,

18 1026 (9th Cir. 2015).  I am not aware of any case in which a Nevada court expressly held that the

19
_____

20 [7] As with the defamation claim, the LVMPD Defendants further argue this claim does not satisfy
Rule 15(c)(1)'s "relation back" requirements.  Because Brown contends analysis of "relation
21 back" is unnecessary because the discovery rule applies, I do not consider this argument.

22 [8] The LVMPD Defendants move for leave to file a surreply on this point, arguing that Brown
raised his discovery rule argument on this claim for the first time in his reply.  As I explain
below, even if I consider Brown's arguments on this point, he has not demonstrated the
23 discovery rule should apply.  My conclusion is based on the deficiency of Brown's response
arguments, without relying on the LVMPD Defendants' proposed surreply, though it argues
similar deficiencies.  I therefore deny that motion as moot.

1   discovery rule applies to search and seizure claims, and Brown has not cited any. *See Dreyer-*

2   *Lefevre*, 2011 WL 2623955 at *2; *see also Belanus*, 796 F. 3d at 1025 ("although federal law

3   determines the accrual of [the] cause of action, state law governs the tolling of the statute of

4   limitations in § 1983 cases.").

5          The search and seizure underlying Brown's claim occurred on September 25, 2016.

6   Brown's cause of action began accruing that day.  Even if I were to consider the discovery rule,

7   Brown argues only that he did not have the resources necessary to bring this claim before he

8   retained counsel.  He does not demonstrate why he was unable to discover that the search was

9   allegedly illegal at the time it occurred, or soon thereafter.  I therefore deny his motion for leave

10  to amend to include this claim because it is futile as time-barred.

11         2.   Rule 20 – IIED and Defamation Claims[9]

12         The Clark County Defendants argue Judge Tobiasson cannot be joined as a defendant

13  under Rule 20(a)(2) because Brown's allegations against her do not arise from the same

14  transactions or occurrences as his claims against the other defendants.  The claims against Judge

15  Tobiasson stem from accusations she personally investigated and defamed Brown and his

16  business, while the allegations against the other defendants are that they wrongfully arrested and

17  imprisoned Brown.  The Clark County Defendants contend that while Judge Tobiasson's conduct

18  may have occurred contemporaneously, the claims have no factual commonality.  For these

19  reasons, and their contention that Brown's state law claims against Judge Tobiasson are not

20  eligible for supplemental jurisdiction because they do not arise from the same transaction or

21

22  _____

23  [9] As alleged, Brown's IIED claim encompasses all transactions or occurrences that underlie his
    defamation claim.  Throughout, Brown does not differentiate his arguments that respond to the
    defendants' Rule 20 IIED arguments from their Rule 20 defamation arguments, instead making
    largely the same arguments for both claims.

occurrence as the other claims, they argue joinder would not comport with the principles of fundamental fairness.

The LVMPD Defendants also argue Rule 20(a)(2) prohibits the defamation claim because it does not arise out of the same transaction or occurrence as any existing claim.  They argue the current claims are based on a revocation of Brown's pretrial release, court proceedings regarding his pretrial confinement, and municipal liability for allegedly unlawful practices during his arrest and pretrial confinement.  They argue the allegations do not claim Judge Tobiasson identified Brown as a pimp during discussions with LVMPD officials or lobbied them to arrest him under accusations that Brown specifically coordinated illegal prostitution, only that she spoke to LVMPD about a different pimp targeting people at Brown's business.  They contend that even if the defamation claim is related to the TAC's allegations, I should still prohibit the addition of this claim because joinder under Rule 20 is permissive, and the discretionary factors weigh against joinder.  They argue Brown does not explain why he did not bring the claim earlier, how Judge Tobiasson could have timely notice before now, and the weak connection between the existing parties and the defamation claim creates an unnecessarily burdensome lawsuit for the defendants.

Brown responds that the TAC references Judge Tobiasson extensively and sufficiently alleges her conduct as being part of LVMPD's motive to violate Brown's constitutional rights.  Brown argues the defendants ignore the fact that Judge Tobiasson demanded LVMPD arrest Brown and close his business, and that LVMPD did so.  He argues Judge Tobiasson's actions involve the same transactions as those of the LVMPD Defendants that led to his being arrested unlawfully in part because Judge Tobiasson granted the search warrant of Brown's business and petitioned LVMPD to arrest Brown and close his business.  Brown contends Judge Tobiasson's

alleged defamatory statements to LVMPD Sherriff Lombardo intertwines the defamation claim

with the *Monell* claim's knowledge element.  He argues that if I were to deny joinder, he would

be forced to bring a second action against Judge Tobiasson, requiring duplicate discovery and

judicial resources.  Brown states Judge Tobiasson's conduct is already a part of the case, and the

defamation claim seeks to hold her accountable for conduct already alleged.  In response to the

LVMPD Defendants' argument that Brown did not allege how Judge Tobiasson could have

notice of a defamation claim against her before now, Brown explains that Brown did not

discover the claim until he retained counsel.  Finally, he argues that the defendants do not

explain how they would be burdened by this claim, as Judge Tobiasson's conduct is already

pleaded in this case.

The Federal Rules of Civil Procedure strongly encourage joinder of claims, parties, and

remedies. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  And

"permissive joinder is to be construed liberally in order to promote trial convenience and to

expedite the final determination of disputes . . . ." *League to Save Lake Tahoe v. Tahoe Reg'l

Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also Desert Empire Bank v. Ins. Co. of N.

Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) ("[C]ourts have shown a strong liberality in allowing

parties to amend their pleadings when such amendments have satisfied the explicit requirements

of [Rule 20].").  I may allow the permissive joinder of parties if "(A) [the proposed joined

parties] assert any right to relief jointly, severally, or in the alternative with respect to or arising

out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

The first prong of the test, the "same transaction" requirement, refers to "similarity in the factual

background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Even if these requirements are met, I also must consider whether allowing joinder would comport with principles of fundamental fairness or would prejudice either side. *See Coleman v. Quaker Oats Co.*, 232 F. 3d 1271, 1296 (9th Cir. 2000).  I should consider, for example, "the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." *Desert Empire*, 623 F.2d at 1375.

Brown's claims against Judge Tobiasson do not arise out of the same transactions or occurrences as his existing claims against the other defendants.  The FAC brings five claims against other defendants.  The first claim, a Fourth Amendment claim for false arrest and false imprisonment brought under 42 U.S.C. § 1983 against LVMPD officials, is based on Brown's allegedly unlawful arrest in October 2016 and his subsequent custody.  Brown's second claim, also brought under 42 U.S.C. § 1983 against LVMPD officials, alleges a Fourth Amendment violation for unlawful entry, search, and seizure.[10]  This claim is based on the defendants' alleged misrepresentations to Judge Tobiasson to obtain a search warrant without probable cause, their search of the business, and their seizure of property from the business.  The FAC alleges that the defendants sought the search warrant from Judge Tobiasson knowing that she had been investigating Brown's business and that she was biased towards authorizing the search warrant. The FAC alleges that during the phone call for the search warrant, Judge Tobiasson informed the LVMPD officer on the call that she had been investigating Brown's business. ECF No. 86-1 at 8,

---

[10] I denied Brown's motion for leave to amend to include this claim because it is futile as time-barred.

16

¶ 38.  The FAC also alleges Judge Tobiasson wanted LVMPD to investigate Brown's business, that LVMPD sought the search warrant because they wanted access to the business's camera footage, and that the search warrant led to Brown's unlawful arrest. *Id.* at 5, 7-10.  But Brown does not allege that this call, Judge Tobiasson's statements on this call, or Judge Tobiasson's granting the search warrant underlie his claims against her.  He does not allege that this phone call constituted her investigation or that she made defamatory statements on this call, only that she informed the officer that she was investigating the business.

Brown's third claim also arises under 42 U.S.C. § 1983 and alleges violations of his Fourteenth Amendment and Nevada common law rights to equal protection and due process.  This claim is brought against LVMPD officials and is based on their unlawfully arresting Brown without probable cause while he was on bond and then making misrepresentations about the arrest to keep Brown in custody.  Brown next alleges IIED against LVMPD officials as well.  Brown bases this claim on the LVMPD officials' conduct in causing Brown to be unlawfully arrested while on bail and forward-dating records to cover up the unlawful arrest.  Finally, Brown brings a claim under 42 U.S.C. § 1983 alleging municipal liability against LVMPD based on its policies and practices which resulted in and concealed unlawful conduct.  One alleged practice is that LVMPD allowed individual officers to apply for emergency warrants based on misrepresentations.  The FAC alleges the LVMPD officer's September 25, 2016 phone call to Judge Tobiasson is an example of this practice.  But as with Brown's search and seizure claim, his IIED claim against Judge Tobiasson is not based on the call itself, Judge Tobiasson's informing the officer during this call that she was investigating Brown's business, or Judge Tobiasson's granting the search warrant.

Brown argues his defamation claim should be joined under Rule 20 seemingly because Judge Tobiasson's alleged defamatory statement to LVMPD Sherriff Lombardo on a phone call in late 2016 is an example of at least one of the unconstitutional policies underlying Brown's *Monell* claim.  He contends Sherriff Lombardo learned about an allegedly unconstitutional search warrant procedure during this phone call and did not discipline officers for misrepresenting facts or seeking a search warrant from a biased judge.  But even if this single alleged incident of defamation occurred on the same phone call that established Sherriff Lombardo knew about unconstitutional policies, it provides only a weak connection between Judge Tobiasson and the other defendants.  And the other fundamental fairness factors weigh in favor of finding the defamation claim should not be joined under Rule 20.  As explained above, Brown delayed amending his complaint to include this claim and has bad-faith motivations for including Judge Tobiasson as a defendant.  Additionally, Brown's response that he did not discover his claim until he retained counsel does not explain how Judge Tobiasson could have had notice of the pending claims before being added as a defendant.  Because Brown's claims against Judge Tobiasson do not arise out of the same transaction or occurrence as his claims against the other defendants, and joinder would not otherwise be fundamentally fair, I deny his motion for leave to amend to include these claims.

3.  *Addition of Allegation that LVMPD's "Event Number" Practice is Unconstitutional*

Brown's *Monell* claim challenges LVMPD's practice of "logging reports and evidence under separate event numbers."  The LVMPD Defendants argue this portion of Brown's claim does not plausibly allege a cognizable claim for municipal liability.  They argue the FAC does not allege how the Event Number Practice commanded unlawful conduct, and the Practice's terms do not mandate unlawful conduct.  They argue the FAC does not plausibly allege how any

LVMPD official's actions with event numbers could have caused Brown's arrest, pretrial confinement, or any constitutional injury, because while Brown alleges Tromba forward-dated records to make it appear as if Brown were arrested later than he was, the evidence reveals no such action by Tromba or any LVMPD official.  The LVMPD Defendants note that LVMPD explained this to Brown, but Brown continues to repeat these allegations despite contradictory evidence.

Brown responds that he not only alleges the Event Number Practice is a facially unconstitutional written policy, but also that LVMPD knows its officers use the Practice to hide evidence, making it an unconstitutional policy ratified by LVMPD.   He argues further that the LVMPD Defendants do not cite case law that states a written policy must mandate or compel unlawful conduct to be unconstitutional as written.  Brown argues the LVMPD Defendants' argument that the FAC does not support this claim is inappropriate at this stage, and that its evidence-based argument is not sufficiently supported.  He argues throughout that the LVMPD Defendants misrepresented facts.

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the U.S. Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Id.* (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A plaintiff may establish *Monell* liability under § 1983 by showing that:

> (1) conduct pursuant to an official policy inflicted the injury; (2) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (3) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (4) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate.

*Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (internal quotation marks and citations omitted). "Generally, a municipality is liable under *Monell* only if a municipal policy or custom was the 'moving force' behind the constitutional violation. . . . In other words, there must be 'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (citation omitted).

As currently pleaded, the FAC fails to plausibly allege the Event Number Practice constitutes an unconstitutional policy as written. The FAC alleges the policy creates a separate event number for each encounter LVMPD has with civilians or suspects, and it "does not require officers to relate event numbers when the same suspect or defendant has an encounter with LVMPD officers, or link witnesses interviewed under a single investigation." ECF No. 86-1 at 34. The FAC fails to plausibly allege how the policy as written violates Brown's, or anyone else's, constitutional rights. *See, e.g., City of Canton, Ohio v. Harris*, 489 U.S. 378, 386-87 (1989) (finding policy that, as written, simply stated jailer was required to have persons needing medical care taken to hospital with their supervisor's permission did not violate any constitutional guarantee).

Nor does the FAC plausibly allege the Event Number Practice constitutes an unconstitutional policy through the manner in which LVMPD institutes it. The FAC alleges LVMPD policy-makers ratify officers' manipulating event numbers to log evidence and encounters under different event numbers to conceal evidence. ECF No. 86-1 at 34, ¶ 245. The FAC states LVMPD officers use the Event Number Practice to conceal unlawful searches and seizures and to respond to discovery requests with evidence linked to only one event number. *Id.* at 35, ¶ 247. The FAC sates the Event Number Practice results in constitutional abuses. *Id.* at

34-35, ¶ 246.  The FAC alleges four examples of this conduct. *Id.* at 35-37.  These allegations do not plausibly assert a causal connection between the Event Number Practice and a constitutional violation, as they allege only that the practice conceals already existing abuses and prevents discovery of such abuses.  Brown seems to allege that the Event Number Practice also resulted in him being denied due process, but the FAC again fails to allege a causal connection between the practice and denial of any specific due process.  However, it is possible facts exist to plausibly allege such a causal connection.  Brown may amend the TAC to include this claim should facts exist to plausibly do so.

In arguing the FAC is futile, the LVMPD Defendants present evidence extrinsic to the FAC.  Brown does not deny these documents could properly be considered were they to be presented in a motion to dismiss,[11] but instead states only that evidence-based arguments at this time are not appropriate.  The LVMPD Defendants cite no case law holding that extrinsic evidence is proper when considering a motion to amend.  But because I come to the same conclusion regarding this proposed amendment whether I consider the extrinsic evidence or not, I will address the futility of the FAC considering the extrinsic evidence as well.

The FAC does not plausibly allege the Event Number Practice is an unconstitutional policy in the manner in which LVMPD enforces it.  The FAC alleges that the Event Number Practice is unconstitutional because it allows different events to be logged under discrete event numbers. *See, e.g.,* ECF No. 86-1 at 15 (¶94), 20 (¶136), 34 (¶¶ 243-45), 37 (¶ 262).  But there is

---

[11]  "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994).  Brown does not deny the authenticity of the documents, and the FAC alleges the contents of at least Exhibits 90-2 (ECF No. 86-1 at 14, ¶90), 90-3 (ECF No. 86-1 at 10, ¶ 56), and 90-4 (ECF No. 86-1 at 14-15, ¶ 93), which are the only three I consider.

only a single event number listed on the evidence underlying Brown's claims. ECF Nos. 90-2

(empty "event #" entry); 90-3 (includes event number); 90-4 (includes Brown's inmate number,

but no event number).  Thus, Brown has not demonstrated a plausible violation of his

constitutional rights.  If Brown chooses to amend, he should allege the precise use of event

numbers that the evidence demonstrates and how that deprived him of a constitutional right.[12]

Because facts may exist to plausibly allege the Event Number Practice is unconstitutional, I will

allow Brown to amend this claim should facts exist to make it plausible.

**III.  CONCLUSION**

I THEREFORE ORDER that plaintiff's motion for leave to amend the third amended

complaint **(ECF No. 86) is DENIED in part and GRANTED in limited part**, consistent with

this order.

I FURTHER ORDER that defendants Las Vegas Metropolitan Police Department and

Dante Tromba's motion to dismiss the third amended complaint **(ECF No. 67) is DENIED as**

**moot because it is directed at the third amended complaint, and I have granted the plaintiff**

**leave to amend.**

I FURTHER ORDER that defendants Las Vegas Metropolitan Police Department and

Dante Tromba's motion for leave to file a surreply **(ECF No. 93) is DENIED as moot.**

I FURTHER ORDER that the plaintiff may file an amended complaint correcting only

the following identified deficiencies, if facts exist to do so: plaintiff may amend only his

allegations related to his *Monell* liability claim challenging LVMPD's practice of "logging

---

[12] Exhibits 90-2, 90-3, and 90-4 all contain the same inmate number, which is admittedly different than an event number.  Brown might also consider explaining whether this impacts his argument that logging events under different event numbers allows LVMPD to conceal evidence, when it seems that searching records by inmate number would obviate this problem.

reports and evidence under separate event numbers" to plausibly allege this practice is unconstitutional, whether as written or as LVMPD applies it.  **The plaintiff may not amend his complaint to include any other allegations, claims, or parties**, including search and seizure claims against LVMPD officers, new *Monell* theories against LVMPD, or defamation or IIED claims against Judge Tobiasson.

Failure to file an amended complaint by **February 18, 2022**, or an attempt to file an amended complaint that is inconsistent with this order, will result in the third amended complaint (ECF No. 44) remaining the operative complaint in this case.  The defendants are free to file a motion to dismiss the then-operative complaint, should they desire to do so.

DATED this 24th day of January, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE