**MCAVOY AMAYA & REVERO, ATTORNEYS**
MICHAEL J. MCAVOYAMAYA, ESQ. (14082)
TIMOTHY E. REVERO, ESQ (14603)
400 S. 4th Street, Suite 500
Las Vegas, NV 89101
Telephone: 702.685.0879
Facsimile: 702.995.7137
Mike@mrlawlv.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARLON LORENZO BROWN, an Individual,

Plaintiffs,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD"); Officer Tromba; *et al.*

Defendants.

CASE NO.: 2:17-cv-02396-APG-BNW

**DISCOVERY SCHEDULING ORDER [SPECIAL SCHEDULING REVIEW REQUESTED]**

Plaintiff and Defendants hereby file this joint discovery plan and scheduling order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1. The parties first conferred by telephone over these matters, pursuant to Federal Rule of Civil Procedure 26(f), on February 3, 2020.

The Defendants have filed answers to the Third Amended Complaint. On December 2, 2020, the parties met and conferred on Joint Proposed Discovery Order.

**Information Required Under Federal Rule of Civil Procedure 26(f)**

1. Changes in timing, form, or requirement for disclosures (Fed. R. Civ. P. 26(f)(3)(A)):

The Parties agree to serve their initial disclosures December 18, 2020.

2. Subjects of discovery (Fed. R. Civ. P. 26(f)(3)(B)):

Plaintiff anticipates at this time that their discovery will focus on the unlawful arrest of Plaintiff while on lawful bond, Defendants' fraudulent concealment of Defendants' actions, and constitutional violations related to Plaintiff's arrest while on lawful bond.

Defendants anticipate that their discovery will focus on the facts surrounding Plaintiff being taken into custody while on House Arrest, his detention, the Court's findings in the criminal proceedings, and the legal defenses to Plaintiff's claims.

Defendants Clark County, Clark County District Attorney's Office, and Steve Wolfson anticipate that discovery will focus on the facts and circumstances surrounding Plaintiff's criminal conduct resulting in his conviction; his release from custody; the revocation of his bond; and the exoneration of his bond.

3. Completion of discovery (Fed. R. Civ. P. 26(f)(3)(B)):

The Parties agree that the presumptively reasonable discovery period of 180 days calculated from the date of the filing of the minute order directing the Proposed Scheduling Order be filed, April 19, 2022. The parties are seeking 180 days from April 19, 2022 to conduct discovery, which shall close on October 17, 2022.

4. Limitations on discovery (Fed. R. Civ. P. 26(f)(3)(B)):

The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

5. Electronically stored information Fed. R. Civ. P. 26(f)(3)(C)):

The parties do not currently anticipate any special issues concerning the disclosure, discovery, or preservation of electronically stored information.

6. Trial preparation materials (Fed. R. Civ. P. 26(f)(3)(D)):

The parties do not currently anticipate any special issues concerning claims of privilege or of protection as trial-preparation materials. They request, however, that the Court enter an order pursuant to Federal Rule of Evidence 502(d) that the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege or protection applicable to those documents, including the attorney-client privilege, work-product protection, or any other privilege or protection recognized by law.

7. Changes in limitations on discovery (Fed. R. Civ. P. 26(f)(3)(E)):

The parties do not currently anticipate any need to change the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Nevada.

8. Orders under Federal Rule of Civil Procedure 26(c), 16(b), and 16(c) (Fed. R. Civ. P. 26(f)(3)(F)):

Other than a scheduling order entered under Rule 16(b), the parties do not currently anticipate any need for an order entered under Rules 26(c) or 16(c).

**Information Required by Local Rule 26-1**

9. Discovery cut-off date (L.R. 26-1(b)(1)):

The Parties propose discovery cut-off date of October 17, 2022.

10. Amending pleadings and adding parties (L.R. 26-1(b)(2)):

Plaintiff's deadline to amend pleadings and add parties expired on February 18, 2022. *See* (Order, ECF No. 96). ~~propose that they must file any motion to amend the pleadings or to add an additional party on or before July 18, 2022.~~

**Formatted:** Font: Italic

11. Expert disclosures (L.R. 26-1(b)(3)):

The Parties propose that they serve their disclosures under Rule 26(a)(2)(D) on or before August 17, 2022, and rebuttal disclosures on or before September 16, 2022.

12. Dispositive motions (L.R. 26-1(b)(4)):

Plaintiffs propose that the parties must file all dispositive motions on or before November 16, 2022.

13. Pretrial order (L.R. 26-1(b)(5)):

The Parties propose that the parties must file their joint pretrial order on or before December 16, 2022, unless either party files a dispositive motion, in which case the deadline for filing the joint pretrial order will be suspended until 30 days after issuance of the Court's decision on the dispositive motion(s) or further Court order.

14. Pretrial disclosures (L.R. 26-1(b)(6)):

The parties propose that they must make the disclosures required under Federal Rule of Civil Procedure 26(a)(3), and any objections to those disclosures, in their joint pretrial order.

15. Alternative dispute resolution (L.R. 26-1(b)(7)):

The parties hereby certify that they met and conferred about the possibility of using alternative dispute-resolution processes. The parties agree that, at this time, alternative dispute-resolution would not be an efficient use of the parties' resources.

16. Alternative forms of case disposition (L.R. 26-1(b)(8)):

The parties hereby certify that they considered consent to trial by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties decline to use an alternative form of case disposition.

17. Electronic evidence L.R. 26-1(b)(9)):

The Parties presently do not intend to present evidence in electronic format to jurors in the event of a jury trial.

DATED this 25th day of April 2022.

By: /s/Jeffrey S. Rogan

JEFFREY S. ROGAN
Deputy District Attorney
State Bar No. 010734
500 South Grand Central Pkwy. 5th Flr.
Las Vegas, Nevada 89155-2215
Telephone: (702) 455-4761
Fax: (702) 382-5178
E-Mail: Jeffrey.Rogan@ClarkCountyDA.com
Attorneys for Defendants Clark County, the Clark County District Attorney's Office, and Steve Wolfson

/s/ Lyssa S. Anderson

LYSSA S. ANDERSON
Nevada Bar No. 5781
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com
kkalkowski@kcnvlaw.com

By: */s/ Michael J. McAvoy-Amaya*
Michael J. McAvoy-Amaya
McAvoy Amyaya & Revero Attorneys
Nevada Bar No. 14082
400 S. Fourth Street Ste 500
Las Vegas, NV 89101
*Attorney for Plaintiff*

**IT IS SO ORDERED.**

Dated: April 26, 2022

UNITED STATES MAGISTRATE JUDGE