1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARLON LORENZO BROWN,

     Plaintiff

v.

DANTE TROMBA, et. al.,

    Defendants

Case No.: 2:17-cv-02396-APG-BNW

**Order Granting Clark County and Wolfson's Motion to Dismiss with Leave to Amend**

[ECF No. 105]

Plaintiff Marlon Lorenzo Brown sues the City of Las Vegas, the Las Vegas Metropolitan Police Department (LVMPD), Clark County, Steve Wolfson in his official capacity, Joseph Lombardo, and Dante Tromba under 42 U.S.C. § 1983 and Nevada law for alleged violations arising out of Brown's arrest while on bond.[1] The operative complaint is Brown's third amended complaint (TAC) at ECF No. 44. *See* ECF No. 96 at 23. Brown asserts claims for: (1) false arrest and false imprisonment under § 1983; (2) denial of equal protection and due process under § 1983; (3) intentional infliction of emotional distress; (4) municipal liability under § 1983 for alleged unconstitutional policies and practices; and (5) negligent hiring, retention, supervision, and training.

Clark County and Wolfson move to dismiss the claims against them on various grounds. Brown opposes dismissal. The parties are familiar with the facts, so I repeat them here only as

---

[1] Brown also sued the Clark County District Attorney's Office, Danae Adams, Bruce Nelson, and Steve Wolfson in his individual capacity, but he agreed to dismiss his claims against them. ECF No. 104. All five claims remain against Clark County, but only counts three and five remain against Wolfson in his official capacity. *Id.* at 2.

1  necessary to resolve the motion.  I grant Clark County and Wolfson's motion, with leave to

2  amend if facts exist to do so.

3  **I.  ANALYSIS**

4          In considering a motion to dismiss, I take all well-pleaded allegations of material fact as

5  true and construe the allegations in a light most favorable to the non-moving party. *Kwan v.*

6  *SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of

7  legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation*

8  *v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient

9  factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

10 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a

11 formulaic recitation of the elements of a cause of action." *Id.* at 555.

12         **A.  Official Capacity Claims Against Wolfson**

13         The defendants move to dismiss the official capacity claims against Wolfson as

14 redundant to the claims against Clark County.  Brown responds that dismissal is not required

15 because his claims against Wolfson can be treated as claims against Clark County.  He also

16 asserts that Wolfson is alleged to be a policymaker involved in the constitutional violations, so

17 he should not be dismissed.

18         "An official capacity suit against a municipal officer is equivalent to a suit against the

19 entity." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799

20 (9th Cir. 2008).  Consequently, when a plaintiff sues the municipality and a municipal officer in

21 his official capacity, "the court may dismiss the officer as a redundant defendant." *Id.*  I therefore

22 grant the defendants' motion to dismiss the claims against Wolfson in his official capacity.

23 / / / /

2

**B.  State Law Claims**

           1.  Intentional Infliction of Emotional Distress

    Clark County argues that it is immune because this claim is based on the conduct of county prosecutors who are themselves immune.  Alternatively, Clark County contends that the TAC is conclusory, improperly lumps the defendants together, and does not adequately allege extreme and outrageous conduct.  Brown responds that the State of Nevada has waived immunity for its political subdivisions like Clark County.  He also contends that he has adequately alleged that County employees withheld evidence and made misrepresentations to the court to ensure that Brown would not be released despite being on lawful bond.  Brown argues that whether that conduct is extreme and outrageous is a matter for a jury to decide.

        Although the Supreme Court of Nevada has not expressly ruled on the issue, it appears that it would hold that a government employer cannot be held vicariously liable for the immune acts of its employees. *See ASAP Storage, Inc. v. City of Sparks*, 173 P.3d 734, 745 (Nev. 2007) (en banc) ("Since a municipality like the City is generally deemed vicariously liable for its employees' acts that occur within the course and scope of employment, and workers do not have immunity under NRS 414.110 for gross negligence, willful misconduct, or bad faith, the City is potentially vicariously liable for such non-immunized acts by its workers." (internal footnotes omitted)). *See also Snowden v. Wolfson*, No. 2:20-cv-00360-JAD-VCF, 2020 WL 7643224, at *3-4 (D. Nev. Dec. 23, 2020) (concluding that a county can assert an immunity defense to vicarious liability where the claim is based on the immune acts of its employees).

        Brown does not dispute that his intentional infliction of emotional distress claim against the County is based on the County being vicariously liable for the acts of its prosecutors.  He also does not dispute that the prosecutors have absolute prosecutorial immunity for their alleged

conduct on which this claim is based.  Indeed, he stipulated to dismiss the prosecutors based on absolute prosecutorial immunity. ECF No. 104 at 2.  I therefore dismiss this claim against the County with prejudice.

### 2.  Negligent Hiring, Training, Supervision, and Retention

Clark County argues that it is entitled to discretionary immunity for this claim.  Alternatively, it argues that Brown does not identify which county employee harmed him, how that employee was unfit for his or her position, or how the County failed to train or supervise that employee.  Brown responds that this claim is not subject to discretionary immunity under Nevada law.  He also contends that he has adequately alleged that Clark County prosecutors routinely withheld evidence as shown by the Ocean Fleming case.

Decisions about how to properly train and supervise officers are entitled to discretionary immunity because they involve individual judgment on the part of the policymakers or supervisors and are based on considerations of social, economic, or political policy. *Paulos v. FCH1, LLC*, 136 Nev. 18, 456 P.3d 589, 595 (Nev. 2020) (en banc) (holding that a police department's hiring and training decisions are subject to discretionary immunity).  Brown contends that I should follow *Chiles v. Underhill*, which held that "the supervision and training of employees is not a discretionary act" subject to discretionary immunity. Case No. 3:05-cv-00179-LRH-RAM, 2006 WL 383521, at *8 (D. Nev. Feb. 17, 2006).  I decline to do so because that decision predates *Paulos*, and because "the great weight of authority in this district holds that discretionary immunity applies to decisions relating to the hiring, training, and supervision of employees." *Gardner v. City of Las Vegas*, No. 2:16-cv-01384-GMN-CWH, 2017 WL 3087276, at *4 (D. Nev. July 20, 2017).  I therefore dismiss this claim with prejudice.

/ / / /

**C.  Section 1983 Claims**

For Brown's claims under 42 U.S.C.§ 1983, he must allege that the defendant acted under color of law and the defendant's "action resulted in a deprivation of a constitutional right or a federal statutory right." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).  The County does not dispute that it acted under color of law.  Thus, the question is whether Brown has plausibly alleged that the County violated his constitutional rights.

                    1.  Counts One and Two

Counts one and two allege Fourth Amendment false arrest and false imprisonment, equal protection, and due process violations.  Clark County argues these counts should be dismissed as to it because neither one asserts a municipal liability claim and the County cannot be liable under § 1983 based on *respondeat superior*.  Brown responds that counts one and two are the constitutional violations on which his municipal liability claim is based, so they should not be dismissed.

I dismiss counts one and two against Clark County because they do not allege municipal liability.  However, that does not mean that Brown's municipal liability claim in count four cannot be based on these alleged constitutional violations.

                    2.  Count Four

Brown's municipal liability claim against Clark County is based on (1) an alleged widespread custom and practice of concealing prosecutors' misconduct and (2) a failure to exercise care in the hiring, training, retention, and supervision of its prosecutors.  There is no *respondeat superior* liability under § 1983. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).  Instead, a municipality may be held liable under § 1983 only for constitutional violations resulting from an official policy or custom. *Id.*  This "can include

1  written policies, unwritten customs and practices, failure to train municipal employees on

2  avoiding certain obvious constitutional violations, . . . and, in rare instances, single constitutional

3  violations are so inconsistent with constitutional rights that even such a single instance indicates

4  at least deliberate indifference of the municipality." *Id.* (internal citation omitted). The policy or

5  practice must be "the moving force behind the constitutional violation." *Gordon v. Cnty. of*

6  *Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (quotation omitted).  "In other words, there must be a

7  direct causal link between a municipal policy or custom and the alleged constitutional

8  deprivation." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (en

9  banc) (quotation omitted).

10                              *a.  Concealing Misconduct*

11       Clark County contends that Brown has not adequately alleged the County had a custom

12  or practice of concealing prosecutors' misconduct related to withholding evidence and

13  misrepresenting facts.  Clark County contends that Brown relies on misconduct by LVMPD

14  officers, who are not county employees.  It contends that the only allegations about its employees

15  arise out of a single case, the Ocean Fleming prosecution, and that a single incident cannot show

16  a widespread custom or practice.  Additionally, it argues that the facts as alleged do not plausibly

17  show a pattern of refusing to turn over evidence or making false representations of facts to

18  judges in the Fleming case.

19       Brown responds that he has adequately alleged that Clark County knew of a pattern of its

20  employees committing constitutional violations in conjunction with LVMPD employees to

21  withhold evidence and make misrepresentations of fact to judges.  Brown argues that he has

22  alleged that Clark County district attorney Liz Mercer was involved in withholding evidence and

23  making misrepresentations in the Ocean Fleming case, and that Mercer prosecuted other

defendants with similar factual allegations and charges, but she was not disciplined or terminated.

Brown does not plausibly allege that prosecutors in his case withheld evidence or made misrepresentations because those allegations are conclusory. Brown's allegation that the "Defendants" made misrepresentations to judges to keep Brown in custody after his initial detention is conclusory and improperly lumps all defendants together so that none knows what misrepresentation they were alleged to have made or to whom. Brown does not state facts about who withheld evidence, what evidence was withheld, or how that led to his arrest or continued detention. Brown has not plausibly alleged that a misrepresentation was even made because he gives no factual content about what representation was made or why it was false. Nor does he allege how it caused his continued detention. And although he alleges the defendants conspired to keep him in custody, that allegation is likewise conclusory.

Brown also does not plausibly allege a County custom or practice of overlooking misconduct by its prosecutors in withholding evidence or making misrepresentations to courts. Brown relies on the conduct of a single prosecutor, Liz Mercer, in a single prosecution, the Ocean Fleming case. Even if this single instance could suffice to show a widespread custom or practice, Brown does not actually allege that Mercer withheld evidence or made misrepresentations. He alleges that the District Attorney's office "strongly opposed discovery into corruption within [its] ranks," Mercer was having a romantic relationship with a lead detective in the Fleming case, and Mercer prosecuted "other defendants on eerily identical factual allegations and charges." ECF No. 44 at 15-16. But opposing discovery, having a romantic relationship with a detective, and prosecuting many defendants on similar facts and charges do not plausibly suggest that Mercer or any other Clark County employee withheld

1    evidence or misrepresented facts to the courts.  I therefore dismiss this portion of the municipal

2    liability claim.

3                              *b. Failure to Train and Supervise*

4            Clark County argues that Brown has failed to allege facts supporting a deliberate

5    indifference standard as required under § 1983 for a claim of failure to train and supervise.  The

6    County also contends that Brown has no factual allegations showing how the County was

7    deliberately indifferent in the hiring, training, retention, or supervision of its prosecutors.  Brown

8    responds that he has adequately alleged that Clark County failed to supervise its employees by

9    retaining them and failing to discipline them despite a pattern of misconduct.

10           Brown does not allege any facts related to the deficient hiring, training, retention, or

11   supervision of County prosecutors, or how that deficiency led to his arrest and continued

12   detention. *See Benavidez*, 993 F.3d at 1153-54 (stating that to allege a failure to train, "a plaintiff

13   must include sufficient facts to support a reasonable inference (1) of a constitutional violation;

14   (2) of a municipal training policy that amounts to a deliberate indifference to constitutional

15   rights; and (3) that the constitutional injury would not have resulted if the municipality properly

16   trained their employees").  I therefore dismiss this portion of the municipal liability claim.

17       **D.  Amendment**

18           Under Rule 15(a)(2), I "should freely give leave when justice so requires."  I consider

19   five factors to assess whether to grant leave to amend under Rule 15(a): (1) bad faith, (2) undue

20   delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff

21   has previously amended the complaint. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,

22   708 F. 3d 1109, 1117 (9th Cir. 2013).  Whether to grant leave to amend under Rule 15 lies within

23   my discretion. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  My

discretion to deny leave "is particularly broad where [the] plaintiff has previously amended the complaint" unsuccessfully. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Although Brown has made multiple attempts to amend, I will grant him one final opportunity to plausibly allege the claims I have dismissed (except his official capacity claims against Wolfson and his state law claims for intentional infliction of emotional distress and negligent hiring, retention, supervision, and training), if facts exist to do so. Brown is advised to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). A defendant should be able to read the complaint and understand "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.* Brown thus should identify each defendant and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each claim. Exhibits are not a substitute for a proper complaint. Instead, Brown should summarize the information he believes to be relevant as part of the supporting facts for each claim asserted. Brown must allege enough facts, not conclusions, to support each claim. **Brown may not assert any new claims or add any new parties in his fourth amended complaint.**

## II.  CONCLUSION

I THEREFORE ORDER that defendants Clark County and Steve Wolfson's motion to dismiss **(ECF No. 105) is GRANTED**.

I FURTHER ORDER that plaintiff Marlon Brown may file a fourth amended complaint consistent with this order.  Failure to file a fourth amended complaint by December 9, 2022 will result in dismissal of all claims against defendants Clark County and Steve Wolfson with prejudice.

DATED this 14th day of November, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE