MICHAEL J. MCAVOYAMAYA, ESQ. (14082)
TIMOTHY E. REVERO, ESQ (14603)
MCAVOY AMAYA & REVERO, ATTORNEYS
600 S. 8th Street,
Las Vegas, NV 89101
Telephone:  702.299.5083
Facsimile:    702.995.7137
Mike@mrlawlv.com
*Attorneys for Plaintiff Marlon Brown*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>    PLAINTIFF,<br><br>    vs.<br><br>DANTE TROMBA; *ET AL*.<br><br>    DEFENDANTS. | Case No.: 2:17-cv-02396-APG-BNW<br><br><br>**MOTION TO WITHDRAW** |

COME NOW, Defendant, MARLON BROWN, by and through his attorney of record, TIMOTHY E. REVERO, ESQ. and MICHAEL J. MCAVOYAMAYA, of McAvoy Amaya & Revero, Attorneys, and hereby files this Motion to Withdrawal as Counsel of record pursuant to Nevada Supreme Court Rule 46, Nevada Rules of Professional Conduct 1.16(b)(1)(5)(6) and EDCR 7.40 and hereby moves this Honorable Court to allow the attorneys and law firm of MCAVOY AMAYA & REVERO ATTORNEYS to withdraw as attorneys of record for Defendant MARLON BROWN.

…

…

…

…

-1-

This Motion is based upon and supported by the following Memorandum of Points and Authorities, the pleadings and papers on file, the affidavit and exhibits attached hereto, and any argument that this Honorable Court may allow at the time of the hearing.

DATED this 29th day of November, 2022.

<div style="margin-left: 3em;">
/s/ Michael J. Mcavoyamaya
MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
600 S. 8th Street
Las Vegas, Nevada 89121
Telephone:   (702) 299-5083
mike@mrlawlv.com
*Attorney for Plaintiff*
</div>

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     ARGUMENT.

Nevada Rules of Professional Conduct Rule 1.16(b)(5) provides that an attorney may withdraw from representation a client if "[t]he client fails to substantially fulfill an obligation to the lawyers regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Here, Defendant has repeatedly ignored counsel's directives to discontinue filing cases intersecting with the claims in this case before other courts and this Court. As this Court is aware, Plaintiff has filed numerous cases involving the same issues including in case numbers 2:18-cv-00165-KJD-NJK and 2:19-cv-01350-APG-DJA. Ultimately, this Court consolidated this case with 2:19-cv-01350-APG-DJA after counsel entered the case in representation of Plaintiff. *See* ECF No. 83. Counsel had intended to represent Plaintiff in the federal habeas petition that needed to be filed after his habeas petition in the Nevada Supreme Court was denied and Plaintiff had exhausted all his remedies. This was preferential so that counsel could insure that matters raised in that petition did not intersect or conflict with claims in this case so that both matters could proceed. However, Plaintiff chose to once again file a case on his own, over the advice of counsel, and has raised claims involving the same issues that are proceeding in this case. *See* Brown Pro-Se Pet. Habeas Corpus, attached as **Exhibit 1,** at 8-11; *see also* 3:23-cv-00148-RCJ-CLB, ECF No. 8.

On November 29, 2023, Plaintiff and counsel discussed this case and the fact that the habeas petition he filed now intersects with the issues in this case. Plaintiff indicated that he believed that this case would now need to be stayed or dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) because he is raising the issue of his illegal pretrial detention as a claim to invalidate his conviction in the new habeas case. Given that Plaintiff has decided to bring essentially the same claims in the petition for habeas corpus as he has in this case and seeking the remedy of invalidating his conviction, undersigned counsel informed Plaintiff that he believed it

would be best if counsel withdraws from this case given that there is now an irreconcilable conflict between Plaintiff and counsel on whether this matter may or should proceed.

Plaintiff's view of the issues in this case and their affect on his conviction have deviated from counsel's position argued in response to Defendants' Motion to Dismiss. *See* ECF No. 116, at 20:19-24. Defendants argued that "claims of false evidence, perjury, and a lack of probable cause for a bond revocation are subject to the *Heck* favorable termination rule." *Id. citing Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In response to Defendants' Motion to Dismiss, counsel argued, on Plaintiff's behalf, that "*Heck* applies only to challenges to convictions or a sentence resulting from a conviction" and that "Brown does not challenge the validity of his conviction or sentence in his criminal case." *See* ECF No. 119, at 23:6-27. Counsel argued that "Brown instead challenges the validity of his continued pre-trial, pre-conviction, and pre-sentence confinement without bail and all damages that have resulted from it," and that these claims did not implicate the validity of his conviction triggering a bar pursuant to *Heck. Id.* Plaintiff is now insisting on pursuing the illegal pretrial detention issues pro-se in the habeas case and seeking the remedy of invalidating his conviction, which the undersigned now believes likely bars the claims in this case under *Heck* unless the conviction is invalidated. Indeed, Brown's new federal habeas petition expressly alleges that his pretrial arrest while on bond by Tromba and other LVMPD officers, and the "Fraud on the Court" via the forward dated the custody record, which is the cornerstone of the remaining judicial deception claim in this case, affects the validity of his conviction. *See* **Ex. 1,** at 8-10. Plaintiff's position on this issue presents an irreconcilable conflict between counsel and Plaintiff regarding counsel's representation in this case, and whether the case should even proceed at all. Plaintiff indicated that he understood these issues, intends to file a motion in this case on the *Heck* issue pro-se, and does not object to counsel's withdrawal from this case.

"When an attorney seeks leave from the court to withdraw from a case 'in the absence of the client's consent,' the attorney must show that 'justifiable cause' exists to do

so." *Harris v. Diamond Dolls of Nev., LLC*, No. 3:19-cv-00598-RCJ-CBC, 2023 U.S. Dist. LEXIS 166041, at *7 (D. Nev. Sep. 18, 2023). When considering a motion to withdraw as counsel, the Court must consider several factors including: "(1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case." *Id. see also Gilbert v. Doctor's Choice Modesto, LLC*, No. 1:21-cv-00690-AWI-SAB, 2022 U.S. Dist. LEXIS 161372, at *5-6 (E.D. Cal. Sep. 7, 2022). This is not a terribly demanding standard. *Id*.

Notably, here, Plaintiff has consented to counsel's withdraw from the case and counsel is informed and believes that he will not be filing any opposition to the withdrawal. Counsel has sufficient reasons for withdrawing from this case given that Plaintiff is insisting on proceeding pro-se on the same claims challenging his conviction in his habeas case. Defendants counsel has also indicated that they do not oppose counsel's withdrawal, indicating that they are not prejudiced by the withdrawal. There will be no delay in resolution of this case given that discovery is still open and not set to close until March 4, 2024, giving the parties four months to conduct discovery should it be needed. Further, counsel is informed and believes that Plaintiff will be filing a pro-se motion seeking to stay the case, or dismiss it without prejudice pursuant to *Heck* in light of his pending habeas case. Should Plaintiff file such a motion, resolution of this case would be expedited by counsel's withdraw, not delayed.

...

...

...

...

...

...

...

...

As such, pursuant to Nevada Rules of Professional Conduct Rule 1.16(b)(5) and (6), Nevada Supreme Court Rule 46 and Local Rule IA 11-6 undersigned counsel moves to withdraw from representation in this case.

## CONCLUSION

For the foregoing reasons, the undersigned requests that this Court grant his motion to withdrawal as counsel of record.

DATED this 29th day of November, 2023.

/s/ Michael J. Mcavoyamaya
MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
600 S. 8th Street
Las Vegas, Nevada 89121
Telephone:   (702) 299-5083
mike@mrlawlv.com
*Attorney for Plaintiff*

Good cause being found, the Court grants Plaintiff's counsel's motion to withdraw (ECF No. 131). Counsel shall file proof of service of this order on Plaintiff within fourteen (14) days of its entry.

It is Further Ordered that Plaintiff shall file notice with the Court within thirty (30) days of receiving notice of this order whether he intends to associate new counsel or proceed *pro se.*

**IT IS SO ORDERED**

**DATED:** 7:03 am, December 01, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**