**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Marlon Lorenzo Brown,

                Plaintiffs,

    v.

Dante Tromba, et al.,

                Defendants.

Case No. 2:17-cv-02396-APG-BNW

**REPORT AND RECOMMENDATION**

Plaintiff filed a Motion to Amend seeking to add (and re-assert) claims and defendants. ECF No. 148. Defendants Dante Tromba and Las Vegas Metropolitan Police Department (METRO Defendants) opposed. ECF No. 152. Former Defendants Clark County and Steve Wolfson also opposed.[1] ECF No. 153. Plaintiff replied. ECF No. 155. The Court explicitly admonished Plaintiff in a previous order that he could not add new claims or parties. In addition, Plaintiff has not shown good cause and excusable neglect for his untimely filing. For these reasons, it is recommended that Plaintiff's motion to amend be denied.

**I.    Background**

This case was originally filed in 2017. Plaintiff has amended his complaint several times since then. Below is a brief summary of the relevant procedural background as it relates to the motion before the Court.

On September 21, 2020, Plaintiff filed a Third Amended Complaint. ECF No. 44. In response to METRO Defendants' motion, the Court dismissed Plaintiff's Third Amended Complaint.[2] ECF No. 112. The Court gave Plaintiff leave to file a Fourth Amended Complaint and gave him a December 9, 2022, deadline. *Id.* In that order, the Court instructed Plaintiff that

---

[1] The Court does not consider this opposition as these two parties have been dismissed form the case.

[2] The Court does not include the procedural history as it relates to other defendants as it is not relevant to the instant motion.

1    "**[he] may not assert any new claims or add any new parties in his fourth amended**

2    **complaint.**" *Id*. at 17 (bold font in original).

3          On December 9, 2022, Plaintiff filed his Fourth Amended Complaint. ECF No. 114.

4    METRO Defendants moved to dismiss. ECF No. ECF No. 116. The Court granted the motion in

5    part. ECF No. 127. Two claims survived: (1) a judicial deception claim under 42 U.S.C. § 1983

6    against Defendant Tromba and (2) Intentional Infliction of Emotional Distress against Defendants

7    Tromba and METRO.

8          In response to an assertion made by Plaintiff in his Motion to Stay the Case (at ECF No.

9    136), METRO Defendants again sought to dismiss the remaining two claims. ECF No. 140.

10         Plaintiff now moves for leave to file a Fifth Amended Complaint. ECF No. 148. He seeks

11   to add several claims and defendants.[3]

12         The parties are familiar with the arguments. As a result, the Court only incorporates them

13   as relevant to the Order.

14   **II.    Legal Standard**

15         When a party moves to amend the pleadings after the expiration of the deadline

16   established in the scheduling order, courts review the request through a two-step process. First,

17   courts resolve the motion to amend the scheduling order, which is governed by the "good cause"

18   standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v.*

19   *Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause'

20   standard primarily considers the diligence of the party seeking the amendment." *Id*. at 609. Courts

21   look to whether the deadline set in the scheduling order "cannot reasonably be met despite the

22   diligence of the party seeking the amendment." *Id*. Although prejudice to the opposing party may

23   also be considered, the focus of the inquiry is on the movant's reasons for seeking modification.

24   *Id*. "If that party was not diligent, the inquiry should end." *Id*. The party seeking amendment

25   bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa County Bd. Of Sup'rs*,

26   284 F.R.D. 452, 460 (D. Ariz. 2012).

27    

28   [3]The Court does not outline the claims and defendants in the proposed Fifth Amended Complaint, or which of the claims in the proposed amendment have been previously dismissed, as it is not relevant to this Order.

1        In addition to showing good cause, Plaintiffs must also establish that their failure to act

2    was the result of excusable neglect. *See* LR 26-4(a) (a request to extend a scheduling order

3    deadline made less than twenty-one days before expiration of that deadline must be supported by

4    a showing of excusable neglect in addition to the good cause required by LR 6-1 and Rule 16).

5    Courts consider at least four factors in determining whether neglect is excusable: (1) the danger of

6    prejudice to the opposing party; (2) the length of the delay and its potential impact on the

7    proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See*

8    *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (*citing Pioneer Inv. Servs.*

9    *Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether

10   neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances

11   surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is

12   left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir.

13   2004).

14       If good cause and excusable neglect are established, courts then examine whether

15   amendment is proper under the standards outlined in Rule 15(a) of the Federal Rules of Civil

16   Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice

17   so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v.*

18   *Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule

19   15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

20   1048, 1051 (9th Cir. 2003) (per curiam). Under Rule 15(a), courts consider various factors,

21   including: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the

22   amendment, and (5) whether the plaintiff has previously amended the complaint. See *id*. at 1052.

23   These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis.

24   *See id.* The party opposing the amendment bears the burden of showing why leave to amend

25   should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp.

26   2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31

27   (N.D. Cal. 1989)).

28

### III.    Analysis

#### A.    Plaintiff was instructed he could not add claims and/or parties

Here, the Court's November 14, 2022, order (granting METRO Defendants' motion to dismiss Plaintiff's Third Amended Complaint) gave Plaintiff leave to file a Fourth Amended Complaint but explicitly prohibited Plaintiff from adding new claims or parties. ECF No. 112. Whether a district court will accept new claims and/or parties in an amended complaint after a motion to dismiss will depend on whether the plaintiff was granted leave to amend with or without limitation." *Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13-CV-01025-MCE-AC, 2014 WL 4925253 at * 3 (E.D. Cal. Sept. 29, 2014) (citing *Urista v. Bank of Am., N.A.*, C11–03097–HRL, 2012 WL 10596, at *3 (N.D. Cal. Jan. 3, 2012)).

In addition, when dismissing the Fourth Amended Complaint in part, the Court did not grant Plaintiff leave to amend. By that point it was clear that only two claims remained in the case. It is unclear what made Plaintiff believe—after these explicit rulings—that he would be given leave to add new claims and/or parties.

#### B.    Plaintiff fails to show good cause

The deadline to amend was December 9, 2022. Plaintiff has not shown good cause explaining why these claims/parties could not have been added by that deadline. Nor could he—as the Court prohibited him from doing so.

There is a vague reference to his belief that discovery had been stayed and that the Court should re-evaluate its prior order under Fed. R. Civ. P. 60(b). Neither proposition is developed and, in any event, does not overcome the fact that he was prohibited form adding new claims and/or parties.

In addition, the Court finds allowing further amendment at this stage would unduly prejudice the defendants. *See Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (*cited by Jackson*, 902 F.2d at 1388*); Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (upholding district court's denial of motion to amend based on findings of undue delay

and prejudice and noting that allowing the motion to amend to add a new cause of action two weeks before the discovery deadline would have required re-opening discovery, thus delaying the proceedings.); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) ("We have held that a district court does not abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally") (internal citations and quotation marks omitted).

Accordingly, the Court recommends that the motion to amend be denied. Given no good cause has been shown under Rule 16, the Court does not analyze the factors governing excusable neglect or those governing amendments under Rule 15.

**IV.    Conclusion**

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' motion to amend (ECF No. 148) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this recommendation not be construed to moot the pending Motion to Dismiss at ECF No. 140.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within **14 days** of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 18, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE