UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARLON LORENZO BROWN, | Case No.: 2:17-cv-02396-APG-BNW |
| Plaintiff | **Order Granting Defendants' Motion to Dismiss** |
| v. | |
| DANTE TROMBA, et. al., | [ECF No. 140] |
| Defendants | |

Plaintiff Marlon Lorenzo Brown sues the Las Vegas Metropolitan Police Department (LVMPD) and former LVMPD sergeant Dante Tromba under 42 U.S.C. § 1983 and Nevada law for alleged violations arising out of Brown's arrest while on bond.[1]  The operative complaint is Brown's fourth amended complaint (FAC) at ECF No. 114.  The only remaining claims are: (1) judicial deception against Tromba under 42 U.S.C. § 1983 and (2) intentional infliction of emotional distress against Tromba and LVMPD.  These claims are based on Tromba allegedly forward-dating documents to make it appear that Brown was arrested a day later than he was and then giving those documents to the state court to fool it into believing that Brown had been taken into custody due to his bail bond being surrendered when actually Tromba had arrested Brown.  Brown alleges that because of this deception, the state court kept him in pretrial custody even though the bond had not yet been surrendered or exonerated.

LVMPD and Tromba move to dismiss the remaining claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  They argue that *Heck* bars the claims because Brown challenges his pretrial detention, which was incorporated into his sentence as credit for time

---

[1] LVMPD and Tromba are the only defendants named in the fourth amended complaint.

served, but the propriety of that detention has never been overturned through appeal or a habeas corpus petition. They also seek fees and costs for having to litigate this case for years based on Brown previously resisting dismissal on *Heck* grounds and then pursuing the same claims for relief in a federal habeas corpus petition.

Brown responds by requesting additional time to gather facts needed to oppose the motion under Federal Rule of Civil Procedure 56(d). ECF No. 145. He asserts that he does not know what his former counsel argued in this case, that he believed this case was stayed while he was litigating a habeas petition in state court, and that he has not seen the operative FAC so he cannot respond to the defendants' motion. In various other documents, Brown argues that *Heck* does not bar his claims because *Heck* involved a malicious prosecution claim and this case involves illegal arrest and false imprisonment, and because his claims in this case do not undermine the validity of his conviction or sentence as he is seeking damages for a period of pretrial detention that has since concluded. *See* ECF Nos. 155 at 3-6; 158 at 19-20. Brown contends that because he received credit on his sentence for the time he spent in pretrial custody, he is not seeking to undermine his conviction or sentence by challenging the constitutionality of that pretrial detention. *See* ECF No. 158 at 19-20. He also argues that the legality of his pretrial detention has nothing to do with the underlying facts of his convictions because his bail was revoked based on the defendants' judicial deception, while the underlying offenses for which he was convicted involving domestic violence have nothing to do with the reasons why his bail was revoked. *Id.* at 20.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. I grant the defendants' motion because Brown's claims are barred by *Heck*. I deny the defendants' request for fees and costs.

## I. AFFECT OF NOTICE OF APPEAL

Brown has filed a notice of appeal related to my order adopting Magistrate Judge Weksler's report and recommendation denying Brown leave to amend. *See* ECF Nos. 148; 159; 171; 172. My order denying leave to amend is not a final appealable order because it did not resolve all claims against all parties in this case. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012); *Horner v. Ferron*, 362 F.2d 224, 230 (9th Cir. 1966) (stating that "denial of [a] motion to file [an] amended complaint . . . in [a case that] is still pending[] was not a final and appealable order"); Fed. R. Civ. P. 54(b). "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). Accordingly, I may resolve the pending motions in this case despite the notice of appeal.

## II. MOTION TO DISMISS (ECF No. 140)

Brown's claims are *Heck*-barred "if success in the action would necessarily demonstrate the invalidity of the duration of a prisoner's confinement no matter the relief sought." *Hebrard v. Nofziger*, 90 F.4th 1000, 1010 (9th Cir. 2024) (simplified). "So long as the claim indirectly seeks a judicial determination that necessarily implies the unlawfulness of the duration of the State's custody," the claim must be dismissed because "only habeas corpus (or similar state) remedies can be used to obtain such a ruling." *Id.* (simplified). This includes challenges to pretrial detention. *See Ippolito v. Just. Serv. Div.*, 562 F. App'x 690, 692 (10th Cir. 2014) (holding that "*Heck* precludes recovery of damages for Mr. Ippolito's pretrial detention in the absence of a prior award of habeas relief"); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are

3

the province of habeas corpus."). Thus, a plaintiff "cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff 'would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (quoting *Heck*, 512 U.S. at 487). If a suit is barred by *Heck*, the proper remedy is dismissal without prejudice to the plaintiff filing a civil suit if the conviction or sentence is later invalidated. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

The Ninth Circuit has recognized an exception to allow a former prisoner to bring § 1983 claims despite the *Heck* bar where habeas relief became unavailable as moot because the prisoner was released from custody. *Nonnette v. Small*, 316 F.3d 872, 877-78 (9th Cir. 2002). However, this exception "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters" who timely pursued habeas corpus or similar relief while in custody, but whose petitions were mooted because they were released from custody before they could get a ruling. *Id.* at 878 n.7; *see also Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002), *as amended on denial of reh'g* (Jan. 14, 2003) (rejecting the argument that because the plaintiff was time-barred from seeking habeas relief, he was essentially out of custody for purposes of *Heck*). The Ninth Circuit has made clear that the *Nonnette* exception does not apply to a challenge of a conviction regardless of whether the prisoner is out of custody. *Guerrero*, 442 F.3d at 705.

Brown's allegations that Tromba falsified documents to fool the state court into keeping Brown in custody would necessarily imply the invalidity of his pretrial detention, and Brown has not alleged that his pretrial detention has been invalidated. Brown filed a federal habeas corpus petition seeking to overturn his conviction based on the same facts alleged in this case. *Brown v.*

4

*Breitenbach*, 3:23-cv-00148-MMD-CLB, ECF No. 1-1 at 8-10, 34-37 (D. Nev. Apr. 10, 2023). In a motion to stay filed in the case before me, Brown admitted that the federal habeas petition "involves the same facts against the same Defendants" as this case. ECF No. 136 at 2. Because Brown's habeas petition challenges his conviction based on these same facts, this lawsuit is barred by *Heck* unless Brown can show his pretrial detention has been invalidated. But the district court denied his federal habeas petition, and the matter is currently pending before the Ninth Circuit. *Brown v. Breitenbach*, 3:23-cv-00148-MMD-CLB, ECF Nos. 55; 60 (D. Nev. June 4, 2024; June 12, 2024). Accordingly, as of this date, his pretrial detention has not been invalidated.[2]

The *Nonnette* exception to *Heck* does not apply because Brown challenges his conviction in his federal habeas petition based on these same facts. Additionally, Brown is still in custody (albeit not in pretrial custody) and does not challenge "loss of good-time credits, revocation of parole or similar matters." *Nonnette,* 316 F.3d at 878 n.7. Even if a challenge to pretrial detention falls within *Nonnette*'s reference to "similar matters," *Nonnette*'s exception still would not apply because Brown did not timely pursue habeas relief while on pretrial detention. Although he filed a habeas petition with the Supreme Court of Nevada,[3] he failed to pursue three different federal habeas petitions that he filed while still in pretrial custody. *See Brown v. Eighth Judicial District Court*, 2:17-cv-02644-MMD-GWF, ECF No. 3 (D. Nev. Oct. 16, 2017) (dismissed without prejudice because Brown did not pay the filing fee or an application to proceed in forma pauperis); *Brown v. Eighth Judicial District Court*, 2:17-cv-02708-JCM-GWF,

---

[2] Brown also challenged his pretrial detention in state court, but the pretrial detention was never invalidated. *See, e.g.*, ECF Nos. 162-1 at 30; 162-16 at 2; 162-17 at 6, 10-14; 162-18 at 2; 162-19 at 2.

[3] *See* ECF Nos. 162-16 at 2 (petition); 162-19 at 2 (denying relief).

ECF No. 3 (D. Nev. Oct. 27, 2017) (same); *Brown v Lombardo*, 2:17-cv-02811-GMN-VCF, ECF No. 4 (D. Nev. Jan. 18, 2018) (dismissed without prejudice for lack of exhaustion and on abstention grounds after Brown failed to respond to an order to show cause). I therefore dismiss this action without prejudice as barred by *Heck*.

### III. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 140) is GRANTED in part**. This case is dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), without prejudice to plaintiff Marlon Brown filing a new lawsuit if his pretrial detention is invalidated in another proceeding. I deny the defendants' request for fees and costs.

I FURTHER ORDER that all other pending motions are denied as moot, and the clerk of court is instructed to close this case.

DATED this 19th day of August, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE