UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>    Plaintiff<br><br>v.<br><br>DANTE TROMBA, et. al.,<br><br>    Defendants | Case No.: 2:17-cv-02396-APG-BNW<br><br>**Order (1) Denying Plaintiff's Motion for Reconsideration, (2) Granting Defendants' Motion to Strike, and (3) Denying Plaintiff's Motion for Sanctions**<br><br>[ECF Nos. 180, 195, 197] |

Marlon Lorenzo Brown sued the Las Vegas Metropolitan Police Department (LVMPD) and former LVMPD sergeant Dante Tromba under 42 U.S.C. § 1983 and Nevada law for alleged violations arising out of Brown's arrest while on bond.[1] I dismissed Brown's fourth amended complaint as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 179. Brown now moves for reconsideration of my dismissal order. The defendants oppose reconsideration. After briefing on the motion for reconsideration was complete, Brown filed several documents without leave of the court, which the defendants move to strike. Brown opposes the motion to strike and moves for sanctions. The defendants oppose Brown's request for sanctions and instead request that Brown be sanctioned.

I deny Brown's motion for reconsideration. I grant the defendants' motion to strike and deny both parties' requests for sanctions.

**I. BACKGROUND**

The parties are familiar with the facts, so I give only a summary of the facts pertinent to reconsideration. Prior to my August 19, 2024 dismissal order, the only remaining claims were:

---

[1] LVMPD and Tromba are the only defendants named in the fourth amended complaint.

(1) judicial deception against Tromba under 42 U.S.C. § 1983 and (2) intentional infliction of emotional distress (IIED) against Tromba and LVMPD. These claims were based on Tromba allegedly forward-dating documents to make it appear that Brown was arrested a day later than he was. Brown contends that Tromba then gave those documents to the state court to fool the presiding judge into believing that Brown had been taken into custody due to his bail bond being surrendered when actually Tromba had arrested Brown. Brown alleges that because of this deception, the state court kept him in pretrial custody even though the bond had not yet been surrendered or exonerated.

LVMPD and Tromba moved to dismiss the remaining claims in the fourth amended complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). I granted that motion and dismissed Brown's claims without prejudice to him filing a new lawsuit if his pretrial detention is invalidated in another proceeding. ECF No. 179. I ruled that Brown's allegations that Tromba falsified documents to fool the state court into keeping Brown in custody would necessarily imply the invalidity of his pretrial detention, and Brown has not alleged that his pretrial detention has been invalidated. *Id.* at 4. I also noted that Brown had filed a federal habeas corpus petition seeking to overturn his conviction based on the same facts alleged in this case. *Id.* at 4-5 (citing *Brown v. Breitenbach*, 3:23-cv-00148-MMD-CLB, ECF No. 1-1 at 8-10, 34-37 (D. Nev. Apr. 10, 2023)). But the district court denied his federal habeas petition, and the matter is currently pending before the Ninth Circuit. *Brown v. Breitenbach*, 3:23-cv-00148-MMD-CLB, ECF Nos. 55; 60 (D. Nev. June 4, 2024; June 12, 2024). Accordingly, his pretrial detention had not been invalidated (and still has not been invalidated as of the date of this order).

I also concluded that an exception to *Heck* does not apply because Brown challenged his conviction in his federal habeas petition based on these same facts, he is still in custody, and he

2

does not challenge "loss of good-time credits, revocation of parole or similar matters." *Id.* at 5 (quoting *Nonnette v. Small*, 316 F.3d 872 878 n.7 (9th Cir. 2002)). Further, I ruled that even if a challenge to pretrial detention falls within *Nonnette*'s reference to "similar matters," *Nonnette*'s exception still would not apply because Brown did not timely pursue habeas relief while on pretrial detention. *Id.* at 5-6. Brown seeks reconsideration of this order.

## II. MOTION FOR RECONSIDERATION (ECF No. 180)

A "motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment. . . . Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Brown filed his motion less than 10 days after I dismissed his remaining claims, so I consider it as a Rule 59(e) motion. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Cir. City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 n.1 (9th Cir. 2005). Brown raises several arguments for reconsideration.[2]

### A. Federal Habeas Petition

Brown argues that this case challenges only his pretrial detention, while his federal habeas petition "challenges the validity of the Judgment of Conviction, because[] the illegal

---

[2] The defendants suggest that I do not have jurisdiction anymore because Brown filed a notice of appeal. However, Brown timely filed his motion for reconsideration before he filed his amended notice of appeal, so I have jurisdiction to consider it. *See* ECF Nos. 179; 180; 182; 188; Fed. R. App. P. 4(a)(4). That Brown, who is a pro se litigant, did not specifically cite Federal Rules of Civil Procedure 59 or 60 in his motion does not deprive me of jurisdiction.

3

detention was the cause of [Brown] not being able to pay for his defense, which is state interference, which requires reversal of the conviction." ECF No. 180 at 4. Brown asserts that the Ninth Circuit has held that illegal pretrial detention "by itself does not render a subsequent conviction or judgment of conviction invalid," so "this lawsuit cannot be barred by *Heck* as it only challenges the illegal detention, unlike the Federal Habeas Petition." *Id.* (emphasis omitted).

I deny reconsideration because Brown's motion only confirms that his judicial deception and IIED claims are *Heck*-barred. In his motion, he again states that he is basing his federal habeas petition on the alleged illegality of his pretrial detention, which purportedly caused him to be unable to pay for his defense, resulting in his conviction. His judicial deception and IIED claims in this case are likewise based on the allegedly illegal pretrial detention. Unless and until he succeeds in invalidating his pretrial detention, his remaining claims in this case are *Heck*-barred.

**B. Diligently Pursuing Habeas Relief**

Brown asserts that habeas corpus was not available to challenge his pretrial detention because of the defendants' misrepresentation that his bond had been surrendered. He asserts that because bond surrender is a civil matter relating to the contract between him and his bail bondsman, the state court refused to intervene. He also argues that the evidence to support a habeas petition did not become available to him until July 2019 when the State of Nevada concluded its investigation into the bail bondsman. He asserts that he was diligently pursuing relief while in custody, but the defendants' misrepresentation caused his requests for relief to be ignored.

In an unauthorized supplement to his motion to reconsider,[3] Brown argues that I incorrectly stated that he did not diligently pursue habeas remedies while on pretrial detention. He asserts that he could not have pursued the three federal petitions he filed because his state habeas petition was still pending, so his federal petitions would have been dismissed for lack of exhaustion.

The defendants respond that my prior order accurately stated the facts regarding Brown's lack of diligence in pursuing his federal petitions. They also argue that Brown argued to the state court that he should be released because bail was not properly revoked, but the state court rejected that argument. The defendants contend that Brown could have appealed from these rulings and could have appealed from his conviction, but he was never able to secure pretrial release or invalidation of his pretrial detention, so his claims in this case are barred.

I deny Brown's motion on these grounds. I gave multiple reasons why the exception to *Heck* articulated in *Nonnette v. Small*, 316 F.3d 872, 877-78 (9th Cir. 2002) did not apply. ECF No. 179 at 4-6. Brown is still in custody, and he does not challenge "loss of good-time credits, revocation of parole or similar matters." *Id.* at 5 (quoting *Nonnette*, 316 F.3d at 878 n.7). Additionally, he could have pursued habeas relief while on pretrial detention and could have raised the issue on appeal. That the state courts did not grant him relief because they allegedly were fooled by the defendants does not mean that Brown could not seek that relief. Further, even if the federal habeas petitions ultimately would have been dismissed for lack of exhaustion, Brown failed to pursue that relief and instead abandoned his petitions, which shows a lack of diligence.

/ / / /

---

[3] ECF No. 181.

### C. Administrative Proceeding

Brown contends that his pretrial detention was overturned through an administrative proceeding against his bail bondsman, Michael Slyman, which was prosecuted by the Nevada Attorney General's office. He relatedly argues that the administrative ruling is res judicata on the invalidity of his pretrial detention.

The defendants respond that the Nevada Department of Insurance's administrative decision regarding Slyman as bail bondsman did not invalidate Brown's pretrial detention vis-à-vis LVMPD and Tromba. Rather, they argue, it addressed only Slyman's actions and did not release Brown from custody or find that the defendants engaged in wrongdoing. They also argue res judicata does not apply because they were not parties to the administrative proceeding and that proceeding did not involve the same claims as this lawsuit.

I deny Brown's motion for reconsideration on this basis because the administrative proceeding did not make any determination regarding the illegality of the defendants' conduct. Rather, those proceedings were in front of the Commissioner of Insurance regarding the conduct of Slyman and his company, Easy Bail, LLC. *See* ECF No. 137 at 6-9, 11-21. The Commissioner found that Slyman breached his fiduciary duties as a bondsman and did not return collateral by transferring ownership of Brown's car to himself (possibly through a forged signature) and then keeping the proceeds from the sale of the car. *Id.* at 14-15. The Commissioner also found that Slyman caused Brown's early surrender into custody without good cause. *Id.* at 15-17. But the Commissioner did not comment on whether Tromba or LVMPD engaged in misconduct by taking Brown into custody or by allegedly engaging in judicial deception to keep him in custody. The administrative proceeding thus did not invalidate Brown's pretrial detention by law enforcement.

1    Brown also incorrectly contends that res judicata bars Tromba and LVMPD from
relitigating issues decided in the administrative proceeding.  In Nevada, claim and issue
preclusion can apply to administrative proceedings. *Redrock Valley Ranch, LLC v. Washoe
Cnty.*, 254 P.3d 641, 646 (Nev. 2011) ("An agency decision can result in issue or claim
preclusion as to a subsequent decision made by another court or a different agency.").  But
neither claim nor issue preclusion apply because LVMPD and Tromba were not parties or privies
to a party in the administrative proceeding. *Weddell v. Sharp*, 350 P.3d 80, 82 (Nev. 2015) (en
banc); *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 718 (Nev. 2009) (en banc), *holding
modified on other grounds by Garcia v. Prudential Ins. Co. of Am.*, 293 P.3d 869, 873 (Nev.
2013) (en banc).  Additionally, for claim preclusion, Brown has cited no authority for the
proposition that his claims against Tromba and LVMPD could have been brought before the
Commissioner of Insurance. *Weddell*, 350 P.3d at 82.  And for issue preclusion, the issues were
not identical and LVMPD and Tromba's conduct was not actually and necessarily litigated in the
administrative proceeding. *Bower*, 215 P.3d at 481.  Consequently, neither claim nor issue
preclusion applies.

**D. Amendment**

Brown argues that the defendants' motion to dismiss became moot when the defendants
made an admission in their reply brief that "changed the landscape of this lawsuit" and led
Brown to file a motion to amend. ECF No. 180 at 2; *see also* ECF No. 173 (motion to amend).
Brown asserts that LVMPD admitted it has a custom of arresting people on house arrest without
probable cause or a warrant.  The defendants respond that they have never conceded that
Brown's pretrial detention was unconstitutional.  They contend that they had many lawful

7

reasons to return Brown to custody and there is no basis to allow him to add new claims based on attorney argument in a reply brief, so amendment was properly denied.

In Brown's motion to amend, he asserted that he previously requested LVMPD to admit that it had a custom and practice of arresting citizens without probable cause, which LVMPD denied. ECF No. 173 at 2.  He argued that LVMPD contradicted that discovery response in the defendants' reply brief on summary judgment by stating the following:

> Brown was still in LVMPD's custody and had an obligation to comply with the terms of LVMPD's House Arrest program.  The terms of House Arrest included complying with court-ordered pretrial release such as a valid, posted bail bond at all times. . . .  Thus, Brown's violation of a House Arrest condition, including the condition to have a posted bond that would not be imminently withdrawn, created a ground for LMVPD to remand Brown into pretrial custody . . . .

ECF No. 165 at 7.  Brown contends that this was an "admission" that LVMPD has a custom of allowing its officers to arrest persons on house arrest without a warrant or probable cause and this custom caused Brown to be returned to custody without probable cause or legal process. Brown thus sought to amend his complaint, asserting that this "admission" triggered a new statute of limitations for him to assert Fourth and Fourteenth Amendment violations.

Brown is incorrect that this argument is an admission that LVMPD has a policy, custom, or practice of taking individuals into pretrial custody without a warrant or probable cause.  The statement referred only to Brown and his circumstances.  Additionally, the defendants have argued throughout this litigation that they had numerous grounds to return Brown to custody, including that they received information that he was not complying with bond conditions, was intending to flee, and had assaulted one of the individuals who had posted his bond and who wanted off the bond.  I previously dismissed Brown's Fourth Amendment claim on these same

allegations. *See* ECF Nos. 112 at 6-7; 127 at 14-15. And I denied leave to amend because Brown had multiple opportunities to amend. *Id.* at 15.

Brown filed his latest motion to amend a year and half past the last deadline I gave him to amend. ECF Nos. 112 at 17; 159 at 4; 173. And this latest motion was not his first attempt to essentially start over in this case that has been pending for many years. Just a few days before Brown filed his latest motion to amend, I adopted Magistrate Judge Weksler's recommendation that Brown's previous motion to amend be denied. ECF Nos. 148; 159; 171. I deny his motion to reconsider denial of his most recent motion to amend because the defendants did not make an admission as Brown argues.[4]

**E. Clarification**

Brown requests that I clarify whether my dismissal order was meant to *Heck*-bar "all claims related to the false imprisonment of [Brown] from October 3rd 2016 until December 18th 2018," which is the date of his conviction. ECF No. 180 at 8. He contends that the alleged admission in the reply brief gave rise to several claims, including that Tromba had no probable cause to arrest him. Brown thus requests that I clarify whether all claims, including any false arrest claims, are *Heck*-barred. The defendants do not specifically respond to this portion of Brown's motion.

---

[4] Additionally, even if I considered Brown's various citations strung across multiple filings (that are effectively untimely and unauthorized oppositions to the defendants' motion to dismiss the third amended complaint), he still has not pointed to clearly established law that Tromba did not have probable cause under the circumstances. Brown was on house arrest with a bail bond, and the bondsman told Tromba that Brown was not complying with his bond, was a flight risk, had beaten a co-signor on the bond, and the co-signor wanted off the bond. Tromba thus could reasonably have been mistaken about whether he had probable cause, and he is entitled to qualified immunity. *See D.C. v. Wesby*, 583 U.S. 48, 57, 65 (2018) (stating that probable cause is "not a high bar," and an officer who "reasonably but mistakenly conclude[d] that probable cause [wa]s present" is entitled to qualified immunity where there is no clearly established law "finding a Fourth Amendment violation under similar circumstances" (quotations omitted)).

In my August 23, 2023 order, I dismissed all of Brown's claims against LVMPD because he failed to state a basis for entity liability against LVMPD. ECF No. 127 at 14. I dismissed Brown's Fourth Amendment false arrest and false imprisonment claims against Tromba based on qualified immunity. *Id.* at 14-15. I later ruled that the only remaining claims for judicial deception and state law intentional infliction of emotional distress claims are *Heck*-barred. ECF No. 179 at 1-2. I therefore clarify for Brown that the only claims I dismissed as *Heck*-barred are his judicial deception and intentional infliction of emotional distress claims based on his pretrial detention.

### F. Summary

I deny Brown's motion for reconsideration because he has not provided sufficient grounds for me to reconsider my ruling that his remaining claims are barred by *Heck*. I also decline to reconsider my decision to deny his motion to amend.

### III. MOTION TO STRIKE (ECF No. 195)

After briefing on Brown's motion for reconsideration was complete, Brown filed multiple documents without leave of court. Specifically, he filed a "notice of authority," a "notice of applicable statute," an exhibit, and a "state case summary." ECF Nos. 190; 192-94. The defendants move to strike these unauthorized filings. Brown responds that the documents should not be stricken because they provide legal citations and evidence to support his motion to reconsider.

Under Local Rule 7-2(g), a "party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." Brown did not obtain leave of court to file any of these documents, and even though he is a pro se litigant that does not excuse his practice

of filing rogue documents outside the usual course of briefing.  I therefore grant the motion to strike.[5]

**IV.  MOTION FOR SANCTIONS (ECF No. 197)**

    Brown moves to sanction the defendants under Federal Rule of Civil Procedure 37 based on LVMPD's supposed contradiction of its response to Brown's request to admit that Tromba and LVMPD have a policy or custom of making illegal seizures.  The defendants respond that this is an untimely Rule 37 motion because discovery has been closed for a long time.  They also contend the motion is meritless because they did not admit to having an unconstitutional policy or custom.  Finally, they suggest that Brown should be sanctioned under Local Rule 59-1(b) because he used his response to the motion to strike to repeat his arguments for reconsideration.

    I deny Brown's motion for sanctions because, as discussed above, LVMPD and Tromba have not admitted that they had an unconstitutional policy or practice.  I decline to sanction Brown under Local Rule 59-1(b).

**V.  CONCLUSION**

    I THEREFORE ORDER that plaintiff Marlon Brown's motion to reconsider **(ECF No. 180) is DENIED**.

    I FURTHER ORDER that the defendants' motion to strike **(ECF No. 195) is GRANTED**.  The clerk of court is instructed to strike ECF Nos. 190, 192, 193, and 194.

/ / / /

/ / / /

/ / / /

---

[5] As I mentioned previously, even if I considered Brown's various filings, that would not change the result.

I FURTHER ORDER that plaintiff Marlon Brown's motion for sanctions **(ECF No. 197) is DENIED**.

DATED this 9th day of December, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE